# In the United States Court of Federal Claims

No. 16-259C
(Filed: January 3, 2017)

```
*************************************
HEALTH REPUBLIC INSURANCE      *
COMPANY,                       *
                               *
              Plaintiff,       *
                               *
v.                             *
                               *
THE UNITED STATES,             *
                               *
              Defendant.       *
*************************************
```

**ORDER**

     Plaintiff filed the above-captioned case as a putative class action on February 24, 2016. Thereafter, on October 5, 2016, plaintiff moved to certify the case as a class action pursuant to Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC"). On December 23, 2016, defendant filed a response to plaintiff's motion indicating that it "does not dispute that the class as proposed [by plaintiff] satisfies the requirements for certification under" RCFC 23. Accordingly, on that same date, plaintiff filed an unopposed motion for the entry of an order granting its class certification motion and setting deadlines for submitting "a proposed notice plan and opt-in schedule . . . ." Plaintiff's unopposed motion is **GRANTED**, namely:

     1. Pursuant to RCFC 23, a putative class representative must demonstrate: (i) numerosity–that the proposed class is so large that joinder is impracticable; (ii) commonality–that there are common questions of law or fact that predominate over questions affecting individual prospective class members and that the government has treated the prospective class members similarly; (iii) typicality–that his or her claims are typical of the proposed class; (iv) adequacy–that he or she will fairly represent the proposed class; and (v) superiority–that a class action is the fairest and most efficient method of resolving the suit. RCFC 23(a)-(b); Toscano v. United States, 98 Fed. Cl. 152, 155 (2011); Barnes v. United States, 68 Fed. Cl. 492, 494 (2005). Based on its review of plaintiff's motion for class certification and supporting exhibits, and in light of defendant's representation that it does not dispute the basis for plaintiff's motion, the court concludes that plaintiff has satisfied the requirements of RCFC 23. It therefore **GRANTS** plaintiff's motion and certifies the following class:

     All persons or entities offering Qualified Health Plans under the Patient Protection
     and Affordable Care Act in the 2014 and 2015 benefit years, and whose allowable

costs in either the 2014 or 2015 benefit years, as calculated by the Centers for Medicare and Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act).  Excluded from the Class are the Defendant and its members, agencies, divisions, departments, and employees.

2.  The class claim is for amounts allegedly owed to the class by the United States pursuant to section 1342 of the Patient Protection and Affordable Care Act and 45 C.F.R. § 153.510(b).

3.  Defendant, in agreeing to certification of the class as defined above, has not waived the right to move for decertification or to move for the class to be divided into subclasses if, as this case develops, the circumstances warrant such a motion.  Further, defendant has not waived (1) any arguments that it raised in its pending motion to dismiss filed on June 24, 2016; (2) the right to dispute any material fact or to contest any theory of liability under section 1342 of the Patient Protection and Affordable Care Act and 45 C.F.R. § 153.510; or (3) the right to contest whether any particular person or entity falls within the class or is otherwise entitled to relief.

4.  Plaintiff is designated as the class representative.

5.  Pursuant to RCFC 23(c)(1)(B) and RCFC 23(g), the court appoints Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as lead counsel for the class, having previously determined in its October 25, 2016 order appointing Quinn Emanuel as interim class counsel that the requirements of RCFC 23(g) are fully satisfied.[1]  The duties of lead counsel shall be the same as the duties designated to Quinn Emanuel while serving as interim class counsel.

6.  Defendant, by **no later than Friday, January 13, 2017**, shall provide to plaintiff a list of potential class members, which shall include all entities that offered Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2014 and 2015 benefit years, and whose allowable costs in either the 2014 or 2015 benefit years, as calculated by the Centers for Medicare and Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act).  The list shall include the name of the individual or entity that is a potential class member; the current or last known electronic-mail address of the individual or entity (providing name and email of person responsible for risk corridors receivables, if known); and the current or last known mailing address of the individual or entity.

---

[1] Notwithstanding the appointment of Quinn Emanuel as class counsel, all filings made on behalf of the class shall continue to be signed by the attorney of record for the class representative.  See RCFC 83.1(c)(1)-(2) ("A party may have only one attorney of record in a case at any one time . . . .  All filings must be signed in the attorney of record's name.").

7.  If, after January 13, 2017, plaintiff discovers the identity of additional potential class members to whom plaintiff believes that notice should be provided, plaintiff shall promptly inform defendant.  Defendant shall have an opportunity to object to any additional potential class members **within seven calendar days** from the date that plaintiff identifies the newly discovered potential class members by forwarding its objections to plaintiff via electronic mail.  If the parties are unable to resolve any of defendant's objections to the newly discovered potential class members, they shall file a joint motion setting out in separate sections their respective positions for resolution by the court.

8.  Lead counsel shall submit to the court a proposed notice plan and opt-in schedule that complies with the requirements of RCFC 23(c)(2)(B) by **no later than Monday, January 23, 2017**.

**IT IS SO ORDERED.**

                                          s/ Margaret M. Sweeney
                                          MARGARET M. SWEENEY
                                          Judge