IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | : | |
| | : | No. 16-259C |
| Plaintiff, | : | |
| | : | Judge Davis |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**STIPULATION FOR ENTRY OF PARTIAL JUDGMENT
BASED ON COMPROMISE, SETTLEMENT, AND RESOLUTION
AS TO TWO MEMBERS OF THE DISPUTE SUBCLASS**

To resolve the claims of Dispute Subclass Plaintiffs, Compass Cooperative Health Plan, Inc. dba Meritus Mutual Health Partners ("Meritus Mutual") and Compass Cooperative Health Plan, Inc., dba Meritus Health Partners ("MHP") (collectively, "Meritus"), and the defenses and counterclaims of Defendant the United States, and to permit the entry of final judgment on those claims, it is stipulated between the Parties:

**STATUTORY BACKGROUND**

1.  The Patient Protection and Affordable Care Act, Pub. L. No. 111-148 (2010), 124 Stat. 119, and the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152 (2010), 124 Stat. 1029 (collectively, "ACA") created several interrelated programs to expand access to affordable health insurance coverage.

2.  Section 1341 of the ACA (42 U.S.C. § 18061) created the reinsurance program. Section 1342 of the ACA (42 U.S.C. § 18062) created the risk corridors program. Section 1343 of the ACA (42 U.S.C. § 18063) created the risk adjustment program. Section 1402 of the ACA (42 U.S.C. § 18071) authorized cost-sharing reductions ("CSRs"), and section 1412 of the ACA (42 U.S.C. § 18082) authorized advance payment of CSRs. Sections 1343 (42 U.S.C. § 18063),

1311 (42 U.S.C. § 18031), and 1321 (42 U.S.C. § 18041) of the ACA authorized the United States to collect user fees for its operation of the ACA's risk adjustment program.

## THE PARTIES' CLAIMS

3. On February 24, 2016, Health Republic Insurance Company filed the Complaint on behalf of itself and others similarly situated, seeking risk corridors damages under section 1342 of the ACA for benefit years 2014 and 2015. The Complaint alleged a single count for violation of section 1342.

4. On January 3, 2017, the Court certified the following class ("Class"):

> All persons or entities offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2014 and 2015 benefit years, and whose allowable costs in either the 2014 or 2015 benefit years, as calculated by the Centers for Medicare and Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act). Excluded from the Class are the Defendant and its members, agencies, divisions, departments, and employees.

Docket No. 30.

5. Ultimately, 153 issuers opted into the Class, including Meritus.

6. On April 27, 2020, the United States Supreme Court held that section 1342 of the ACA "created an obligation neither contingent on nor limited by the availability of appropriations or other funds," that the obligation was not affected by subsequently enacted legislation, and that the "petitioners may seek to collect payment through a damages action in the Court of Federal Claims." *Maine Community Health Options v. United States*, 140 S. Ct. 1308, 1323, 1331 (2020).

7. The Court subsequently divided the Class into four subclasses: (1) the Non-Dispute Subclass, for which the Court entered judgment on July 23, 2020; (2) the Dispute Subclass, which currently includes Meritus; (3) the Arches Subclass, for which the Court entered judgment on June

28, 2021; and (4) the Freelancers Subclass, for which the Court entered judgment on June 3, 2021. Docket Nos. 82, 124, 131.

8. The Court approved the Dispute Subclass with the following definition:

> All approved class members offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2014 and 2015 benefit years, whose allowable costs in either the 2014 or 2015 benefit years, as calculated by the Centers for Medicare & Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act), and that dispute the amount due to the entity under Section 1342 of the Affordable Care Act, and/or dispute the government's right to offset debts against a judgment pursuant to Section 1342, and/or dispute the extent of any such offset.

Docket No. 82.

9. On October 30, 2020, the United States filed the Counterclaim, seeking risk adjustment damages under section 1343 of the ACA, CSR reconciliation damages, and risk adjustment user fee damages. Docket No. 101. The Counterclaim alleges a single count for violation of the ACA.

## THE PARTIES' CLAIMS IN OTHER CASES

10. On August 10, 2016, the Superior Court of Arizona, County of Maricopa ("Receivership Court") entered an Order for Receivership and Injunction placing Meritus under an order of liquidation with a declaration of insolvency. The United States submitted three proofs of claim ("POC") which, among other things, asserted claims for amounts due under certain ACA programs and a right to offset involving claims of the United States. On March 8, 2019, the Receivership Court entered *Order Re Petition No. 26 Granting Claim Determination and Setoff Related to Claims of the United States* (the "Receivership Claims Order") which, among other things, accepted the claim amounts for the ACA programs as asserted by the United States in the POC and applied the offset as to amounts due between and among the United States and Meritus. Disputes exist between the United States and Meritus, including but not limited to

disputes regarding the amounts due under certain ACA programs and application of the offset regarding those amounts.

11.     On September 27, 2019, Meritus also filed a complaint in the United States Court of Federal Claims seeking payment under section 1341 of the ACA, the reinsurance program. *See Daniels v. United States*, No. 19-1499C.

12.     Meritus' claims in *Daniels* have been stayed pending a resolution of this case.

### TERMS OF COMPROMISE, SETTLEMENT, AND RESOLUTION

13.     Meritus and the United States have now agreed to resolve their disputes by means of this compromise, settlement, and resolution of their claims and, in accordance with Rule 54(b) of the Rules of the Court of Federal Claims, agree there is no just reason to delay judgment as to Meritus and the United States.  For purposes of such agreed compromise, settlement, and resolution, and to expedite payment of the net amount due to Meritus, the Parties stipulate the following:

   a. Prior approval of this stipulation has been granted to the liquidator of the estates of Meritus by the Receivership Court.

   b. Meritus is entitled to payment under section 1342 of the ACA, the risk corridors program, for the 2014 and 2015 benefit years in the amount of $72,738,364.35.

   c. The United States is entitled to payment from Meritus for principal under section 1343, the risk adjustment program, in the amount of $46,583,774.29; the United States is entitled to payment from Meritus for principal of CSR Reconciliation in the amount of $3,920,461.72; and the United States is entitled to payment from Meritus for principal for risk

adjustment user fees in the amount of $47,320.83.  Therefore, the United States is entitled to principal payments under the ACA from Meritus for the ACA program debts identified above in the aggregate amount of $50,551,556.84.

    d.    Under this compromise, settlement, and resolution, the net amount payable by the United States to Meritus is $22,186,807.51, which is determined by reducing the $72,738,364.35 owed to Meritus for risk corridors by the total amount of the principal payments owed to the United States identified above totaling $50,551,556.84.

    e.    Under this compromise, settlement, and resolution, the United States is accepting the amount of $50,551,556.84 from Meritus in full satisfaction of all debt Meritus owes to the United States arising under the risk adjustment, CSR reconciliation, and risk adjustment user fees programs, including but not limited to the Counterclaim asserted by the United States.

14.    Accordingly, the Parties hereby stipulate that judgment shall be entered against the United States in favor of Meritus in the amount of $72,738,364.35, and judgment shall be entered against Meritus in favor of the United States in the amount of $50,551,556.84, with the judgment amount owed from Meritus to the United States ($50,551,556.84) being paid through deduction from the amount owed by the United States to Meritus ($72,738,364.35).  The net amount payable by the United States to Meritus pursuant to this judgment is $22,186,807.51.

15.    Upon entry of judgment and Meritus' receipt of payment, Meritus shall file a stipulation of dismissal with prejudice in *Daniels v. United States*, No. 19-1499C.

16. Upon entry of judgment and Meritus' receipt of payment, Compass Cooperative Health Plan, Inc. dba Meritus Mutual Health Partners (HIOS No. 92045) and Compass Cooperative Health Plan, Inc. dba Meritus Health Partners (HIOS No. 60761), and any and all of their affiliated entities, release the United States, its agencies, instrumentalities, officers, agents, employees, and servants, from all claims (including attorney fees, costs, and expenses of every kind and however denominated) that they, and any and all of their affiliated entities, have asserted, could have asserted, or may assert in the future against the United States, its agencies, instrumentalities, officers, agents, employees, and servants, arising under the ACA.

17. Upon entry of judgment and Meritus' receipt of payment, the United States releases, waives, and abandons all claims, counterclaims, and offsets against Meritus arising out of, related to, or otherwise that were asserted, could have been asserted, or may be asserted in the future in the POCs (including but not limited to, any related claims for costs, expenses for costs, expenses, interest, and damages of any sort), with the exception that the United States shall retain its claims asserted in the POCs for the Surplus Notes accorded as Class 10 priority level claims under A.R.S. § 20-629 as provided for in the Receivership Claims Order. The United States further stipulates that it will not dispute or object to Meritus' allocation of payment of the judgment between the Meritus entities (or their estates) in this case, *Daniels v. United States*, No. 19-1499C, or otherwise, so long as such allocation is approved by the Receivership Court.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

RUTH A. HARVEY
Director
Commercial Litigation Branch

KIRK T. MANHARDT
Deputy Director

 /s/ Stephen Swedlow
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Stephen Swedlow
stephenswedlow@quinnemanuel.com 191 N. Wacker Drive, Suite 2700 Chicago, Illinois 60606
Telephone:  (312) 705-7400 Facsimile:  (312) 705-7401
J.D. Horton
jdhorton@quinnemanuel.com
Adam B. Wolfson
adamwolfson@quinnemanuel.com 865 S. Figueroa Street
Los Angeles, California 90017 Telephone:  (213) 443-3000 Facsimile:  (213) 443-3100
*Attorneys for Plaintiff Health Republic Insurance Company and the Class*

 /s/ Terrance A. Mebane
TERRANCE A. MEBANE
MARC S. SACKS
FRANCES M. MCLAUGHLIN
United States Department of Justice
Civil Division, Commercial Litigation Branch
(202) 307-0493
terrance.a.mebane@usdoj.gov

*Counsel for the United States*

/s/ Stephen McBrady
Stephen McBrady
Clifton Elgarten
James Regan
CROWELL & MORING LLPa
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116
SMcBrady@crowell.com

OF COUNSEL:

Charles Baek
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

*Counsel for Plaintiffs in Case No. 19-1499C*