IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | : : : | No. 16-259C |
| Plaintiff, | : : | Judge Davis |
| v. | : : | |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : | |

## THE UNITED STATES' MEMORANDUM IN OPPOSITION TO COLORADO HEALTH'S MOTION TO STRIKE

The Court provided the parties an opportunity to submit supplemental briefing on Colorado Health's pending motion to dismiss. Docket No. 157. In its reply brief, Colorado Health moves the Court to strike pages 2-4 and 8-10 of the United States' supplemental brief, Docket No. 164, arguing that those portions of the United States' brief "ranges far beyond the two cases the Court instructed the parties to discuss, and includes argument regarding Colorado Health's Motion to Dismiss[.]" Reply at 1. Colorado Health's request should be denied.

Colorado Health does not identify the legal basis for its motion. To the extent Colorado Health relies on Rule 12(f), that rule provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But Colorado Health does not argue that any portion of the United States' brief contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Moreover, Rule 12(f) is limited to "pleadings," and the Court's rules do not provide "occasion for a party to move to strike portions of an opponent's brief." *See Dillon v. United States*, 229 Ct. Cl. 631, 636 (1981).

Colorado Health is also wrong that portions of the United States' brief go beyond the Court's instructions. Colorado Health's initial brief included arguments about the scope of and authority provided in 28 U.S.C. §§ 1503 and 2508, as interpreted in *Conway*. On pages 2-4 of our response, we cite precedent interpreting those statutes to demonstrate that Colorado Health's reading of *Conway* is incorrect, as is explained in pages 11-15 of our brief. That portion of the United States' brief requires the Court's jurisdictional statutes to be put into their historical context. As to pages 8-10 of our brief, this analysis is in response to Colorado Health's arguments concerning preemption under *Conway*, and the explanation we provide is intended to address how *Richardson* erred in overreading *Conway*.

Moreover, Colorado Health's counsel invoked the McCarran-Ferguson Act extensively in his discussions of *Conway* and *Richardson* at oral argument. Oral Arg. Tr. at 7:25-8:6 ("the Appellate Court went through a fairly long analysis of whether or not the federal scheme would preempt the state court scheme and, in fact, held that the federal scheme would not and the state -- the Colorado State insolvency scheme would reverse preempt under *McCarran-Ferguson*"); 14:12-17 ("So I think that the cases discussed in Richardson and Richardson itself is the best example -- the best case for why, when you analyze a claim like this one, *McCarran-Ferguson Act* would deny -- deny the Court jurisdiction is the wrong way to say it. I think the proper ruling is that *the McCarran-Ferguson Act* applies . . ."); 15:20-16:1 (stating that *Richardson* "decides that *McCarran-Ferguson* would apply"); 16:22-25 ("So the [*Richardson*] Court essentially said that [31 U.S.C. § 3728] can't be an end run around *the McCarren-Ferguson Act* protection for state liquidation proceedings").

Finally, the United States notes that at argument, the Court stated that Colorado Health's pending motion was "older" and asked if "either party want[s] to request the opportunity for

supplemental briefing on Conway or Richardson or any other sort of updates or developments in the law." Oral Arg. Tr. at 66:7-13. In these circumstances, we do not believe our brief to be beyond the Court's instructions. Colorado Health's motion to strike therefore should be denied.

                                                Respectfully submitted,

Dated:  June 29, 2022                    BRIAN M. BOYTON
                                                Principal Deputy Assistant Attorney General
                                                Civil Division

                                                RUTH A. HARVEY
                                                Director
                                                Commercial Litigation Branch

                                                KIRK T. MANHARDT
                                                Deputy Director

                                                /s/ Terrance A. Mebane
                                                TERRANCE A. MEBANE
                                                MARC S. SACKS
                                                FRANCES M. MCLAUGHLIN
                                                PHILLIP SELIGMAN
                                                U.S. Department of Justice
                                                Civil Division
                                                Commercial Litigation Branch
                                                Phone: (202) 307-0493
                                                terrance.a.mebane@usdoj.gov

                                                *Attorneys for the United States of America*