| | |
|---|---|
| Health Republic Insurance Company,<br><br>        Plaintiff, on behalf of itself and all others similarly situated,<br><br>vs.<br><br>United States of America.<br><br>        Defendant. | Case No. 16-259C<br><br>Judge Kathryn C. Davis |

## REPLY IN SUPPORT OF MOTION FOR CLARIFICATION

Defendant mischaracterizes Plaintiff's Motion for Clarification, and in so doing avoids substantively addressing the actual issue the Motion raises.

As explained in the Motion, Plaintiff seeks clarification regarding what actions Defendant, having submitted to this Court's jurisdiction, may take to execute on a judgment following this Court's Opinion and Order ("Opinion") [Dkt 170]. In the Opinion, after explaining that Defendant is not entitled to apply an administrative offset, the Court further stated "Defendant may continue to pursue its proof of claim, with a judgment in hand, in the Colorado insolvency proceeding." *Id*. at 33.

Although Plaintiffs believe the Court's directive (and the limitation it applies) is clear, Defendant appears to believe[1] that it could take action at the Judgment Fund stage to encourage Treasury to apply the very offset this Court denied.

This is not a theoretical dispute, because Defendant has engaged in exactly the same type of self-help before, and has indicated it is likely to do so again here. For example, in *in re Cascade Roads*, following a settlement and a Court of Claims judgment against the Government

---

[1] Defendant's response that the question is "academic" belies the very point of this motion: Defendant wishes, at best, to leave open the possibility that Defendant and its counsel may take some action to facilitate Treasury's application of an offset. As explained, Plaintiff respectfully avers that Defendant may do no such thing pursuant to this Court's Order.

1

on behalf of an entity called Cascade, the Department of Justice, in an attempt to apply a § 3728 offset, "referred the judgment to the General Accounting Office ("GAO") with a letter indicating that a setoff might be available for debts Cascade owed the government" and "subsequently requested that the GAO not pay the judgment until it had ascertained potential setoff rights." 34 F.3d 756, 759 (9th Cir. 1994).[2] Defendant has taken positions in the parties' discussions that indicate it thinks it could do the same thing here. Plaintiff thus filed the Motion to clarify that the Court's Order (and Defendant's submission to this Court's jurisdiction to enforce its Order) establish that Defendant may take no such action.

Defendant's response to Plaintiff's Motion is to mischaracterize it. Defendant states that the Court should ignore the Motion because "simply put, there is no case or controversy before the Court involving the rights of the Secretary of the Treasury pursuant to section 3728(a)." Response at 4. But Plaintiff never made a claim "involving the rights of the Secretary of the Treasury pursuant to section 3728(a)." *See* Motion at 3 ("Plaintiff is neither requesting nor seeking any clarification of any order regarding the power of Treasury under 31 U.S.C. § 3728."). Instead, Plaintiff explicitly stated it is "seeking clarification relating to what *Defendant* as a party to this litigation may do to seek to enforce its rights or enforce any judgment it may be able to obtain in this case now that *Defendant* has submitted to the jurisdiction of this court to resolve its claim." *Id*. (emphases added).

Defendant offers no response to that basic query: what may Defendant, having submitted to this Court's jurisdiction and given the Court's ruling that "[n]either Colorado Law nor Federal Law [p]ermit Defendant's [o]ffset [c]laim," Opinion at 22, do to seek to enforce its rights or

---

[2] In *Cascade*, the 9th Circuit ultimately upheld the bankruptcy court's ruling that Treasury could be constrained by the bankruptcy court and prohibited from applying a setoff pursuant to 31 U.S.C. § 3728.

2

enforce any judgment? As noted, Plaintiffs believe this Court already supplied the answer: Defendant can go to Colorado "to pursue its proof of claim, with a judgment in hand, in the Colorado insolvency proceeding." *Id.* at 33. But Defendant stubbornly hopes to argue elsewhere that the answer remains open, and proffers four arguments here that it hopes will discourage the Court from issuing any further Orders respecting what Defendant may do to enforce a judgment it may receive. None has merit.

*First*, Defendant argues that the "only issue pertaining to 31 U.S.C. § 3728 is now moot." Response at 4. Defendant notes that it had identified § 3728 "in support of an alternative argument that it would be futile to dismiss HHS's counterclaim"—*i.e.*, that because the Government intended to take an offset *anyway* under § 3728, its counterclaim seeking an administrative offset should be allowed. Defendant argues that because the Court rejected its argument, "any consideration of section 3728 in this case is moot." *Id*.

But Defendant misses the point: the Government's very argument that it thinks § 3728 renders this Court's decision "futile" underscores the importance of the instant Motion. While there does not remain a live question as to whether § 3728 renders futile any dismissal of the Defendant's counterclaim – the Court ruled it does not – there remains a live question regarding what action, if any, the Government, as Defendant in this matter and having subjected itself to this Court's jurisdiction, can take – *i.e.,* may DOJ subsequently invite Treasury to issue an offset to this Court's judgment, as it did in *in re Cascade Roads*.

*Second*, Defendant states that Colorado Health "concedes, as it must, that the Secretary of the Treasury has not exercised any authority adverse to Colorado Health," meaning that the dispute is not "ripe for judicial review." Response at 4. But, again, Defendant is deliberately mischaracterizing Plaintiff's Motion. Plaintiff *explicitly* stated that it is not seeking a ruling or

3

clarification "regarding the power of Treasury under 31 U.S.C. § 3728." Motion at 3. It is seeking clarification regarding what Defendant—a litigant before this Court subject to this Court's jurisdiction—may do. Plaintiff's motion does not concern what action *Treasury* may take. It concerns what action *Defendant* may take before the Treasury, given the Court's clear ruling that Defendant has no offset rights, and instead should pursue its claim (if any) in the Colorado insolvency proceeding. A motion to clarify will be deemed "ripe" where, like this one, it seeks "important information that [a party] needs to make a meaningful decision" regarding a likely future action. *United States v. Christy*, No. CR 10-1534 JB, 2018 WL 502487, at *1 (D.N.M. Jan. 19, 2018) (denying ripeness challenge to a motion for clarification where mover sought to clarify impact of likely future action he would take).

*Third*, Defendant states that in any event Plaintiff is seeking "clarification" regarding a mere possibility, since "several future contingent events and administrative decisions would need to play out in a particular manner before the questions posed by the motion would be ripe for review." Response at 5. But that is not true. The Court's Order was issued in part based on an assumption—accepted by both parties—that there would likely be two judgments: one in favor of Defendant, and another (larger) judgment in favor of Plaintiff. The animating question before the Court was what rights Defendant has to enforce a judgment it *may* receive; that is, could it offset its judgment, or could it only pursue the claim it argued would offset results here in bankruptcy court? The Court confirmed the latter. The Motion thus seeks only to clarify the question the Court already took up, because the parties have already demonstrated they understand the Order differently. The issue being clarified is no more "contingent" or "theoretical" than the issue that motivated the Court's original Order, and clarification is absolutely within this Court's power to ensure there are no disputes down the line about the

4

proper interpretation of the Court's intent. *Cornucopia Products, LLC v. Dyson, Inc.*, 2013 WL 12098786, at *1 (D. Ariz., 2013) ("To the extent that such a motion for clarification looks like a request for an advisory opinion, it is one even a federal court can grant" because "a court should exercise that discretion to provide a clarification in light of a concrete situation that left parties…in the dark as to their duty to the court.") (internal citations and quotations omitted); *Matter of Hendrix*, 986 F.2d 195, 200 (7th Cir. 1993) (A party "subject to an injunction always has the right to ask the court that is administering it whether it applies to conduct in which the person proposes to engage").

*Fourth*, the Government argues the Motion "improperly seeks declaratory relief," because it seeks "an early declaration as to whether the Secretary of the Treasury could exercise the authority provided in 31 U.S.C. § 3728 if certain future contingent events unfold in a particular matter," Response at 5-6, and that the Court accordingly should make a determination regarding the Secretary's authority only with "a proper case with full briefing," *id*. at 6. *Again*, Defendant deliberately misreads Plaintiff's actual request. As already noted, the Motion seeks clarification only as to what arguments Defendant may make in any subsequent applications to the Treasury for payment, given the Order of this Court; it does not seek to constrain what the Treasury actually does. It is undisputed that the Court of Federal Claims "has 'inherent authority to protect [its] proceedings and judgments in the course of discharging [its] traditional responsibilities.'" *Canvs Corp. v. United States*, 104 Fed. Cl. 727, 732 (2012), *citing Degen v. United States*, 517 U.S. 820, 823 (1996). It can accordingly clarify that a party that has submitted to its jurisdiction cannot ignore its Order by encouraging Treasury to issue an offset the Court ruled is unavailable to Defendant. *Cent. States, Se. v. John R. Concrete & Supply Co.*, No. 08-13896, 2014 WL 4978660, at *4 (E.D. Mich. Oct. 6, 2014) (clarifying order regarding parties'

5

rights post-judgment, and noting clarification appropriate where "there has been no showing of detrimental reliance on the order …[and] the order potentially has a significant impact" on one of the parties).

## CONCLUSION

For the above reasons, Plaintiff respectfully seeks clarification that Defendant, having submitted to this Court's authority and jurisdiction, may not make any arguments for offset to the Treasury and may instead only pursue a "proof of claim, with a judgment in hand, in the Colorado insolvency proceeding." Opinion at 33.

Dated: November 14, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Stephen A. Swedlow*
Stephen Swedlow
StephenSwedlow@quinnemanuel.com
Andrew Schapiro
AndrewSchapiro@quinnemanuel.com
191 North Wacker Drive
Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Adam B. Wolfson
adamwolfson@quinnemanuel.com
865 S. Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Colorado HealthOp and the Class*