IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 16-cv-259C<br><br>Filed: December 7, 2022 |

# ORDER

On October 7, 2022, Plaintiff, Colorado Health Insurance Cooperative, Inc., filed a Motion for Clarification regarding the Court's August 19, 2022, Opinion and Order granting in part and denying in part Plaintiff's motion to dismiss Defendant's counterclaim. *See* Mot. for Clarification, ECF No. 173. Specifically, Plaintiff requests that the Court "make clear that, in the event the Court were to issue two judgments – one in favor of Plaintiff, the other in favor of Defendant – Defendant's sole recourse to execute on its judgment is through the Colorado insolvency proceeding, and Defendant may not otherwise request Treasury to withhold funds pursuant to a perceived right of offset arising under 31 U.S.C. § 3728." *Id*. at 3. Defendant argues that Plaintiff's motion should be denied because it raises a new issue regarding "the scope of the Secretary of the Treasury's authority [under § 3728] when the Secretary has not acted, and at this time could not act, . . . with regard to [Plaintiff's] claims or debts." Def.'s Resp. to Pl.'s Mot. for Clarification at 1, ECF No. 175.

As an initial matter, having reviewed the correspondence between counsel submitted with the parties' briefing, the Court questions whether any clarification is needed at this time. Plaintiff claims that the instant motion was prompted by Defendant's indication, "in multiple

conversations," "that it may request from Treasury an 'administrative offset' [under § 3728] for the debt owed by Plaintiff to the Government." ECF No. 173 at 1–2. That is not apparent to the Court. From the Court's reading, Defendant appears more interested at this point in discussing whether a stipulated judgment including a voluntary offset, as was agreed to by other Dispute Subclass members in this case, is a possibility. *See* Ex. A to Decl. of Stephen A. Swedlow at 3, ECF No. 173-2; *see also* Decl. of Terrance A. Mebane, ECF No. 175-1.

Regardless, the Court agrees that its Opinion and Order speaks for itself. In sum, Defendant's counterclaim did not state a valid claim, either under Colorado law or federal law, to an offset against the amounts owed by Plaintiff. Op. & Order at 22–24, ECF No. 170. As such, any judgment entered by the Court will "not direct a net payment deducting the amount of Defendant's judgment from the amount of risk-corridors payments owed to [Plaintiff]."[1] *Id.* at 33. Rather, to collect, Defendant should submit any judgment in its favor to the Colorado insolvency court, which maintains jurisdiction over the liquidation and the distribution of Plaintiff's assets. *See id.*

The Court's Opinion and Order made no ruling on the scope of Treasury's authority under § 3728 or whether it can offset amounts owed by Plaintiff from a judgment against the United States in this case, notwithstanding that the Court determined Defendant's offset claim could not survive dismissal. As the Court noted, however, another judge of this court rejected that same argument, and the issue is now before the Federal Circuit on appeal. *Id.* at 24 (citing *Richardson v. United States*, 157 Fed. Cl. 342, 375–76 (2021), *appeal docketed*, No. 22-1520 (Fed. Cir. Mar.

---

[1] Since it dismissed Defendant's offset claim pursuant to Rule 12(b)(6) (and not Rule 12(b)(1)), the Court does not believe this aspect of the opinion would prevent the parties from jointly requesting a net payment as part of any stipulated judgment. But such payment will not be ordered absent an agreement of the parties.

10, 2022)). Ultimately, Plaintiff will have to submit any judgment in its favor to the Judgment Fund for payment. If the Secretary acts under § 3728 to offset Plaintiff's judgment, Plaintiff may return to the Court to seek enforcement. *See Heartland By-Prod., Inc. v. United States*, 424 F.3d 1244, 1252 (Fed. Cir. 2005) ("federal courts hold the inherent power to enforce their prior judgments"). The Court will then determine the lawfulness of Treasury's offset after the parties have fully briefed the issue.

In its reply, Plaintiff argues that its motion does not seek a determination of the Secretary's rights pursuant to § 3728; rather, it seeks clarification regarding "what *Defendant* as a party to this litigation may do to seek to enforce its rights or enforce any judgment." Pl.'s Reply at 2, ECF No. 176 (emphasis in original). The distinction Plaintiff attempts to make is not altogether clear, since the defendant in this case is (broadly) the United States. Its citation to *In re Cascade Road*, 34 F.3d 756, 759 (9th Cir. 1994), suggests its concern is with the Department of Justice ("DOJ") requesting that Treasury apply a § 3728 offset. ECF No. 176 at 1–2. To the extent that is the focus, the Court grants Plaintiff's request and clarifies that the Opinion contemplates DOJ (or other appropriate agency) continuing to pursue collection of Plaintiff's debts—as determined by any judgment against it in this case—through the claim process in the Colorado insolvency proceeding. ECF No. 170 at 33.

Accordingly, Plaintiff's Motion for Clarification (ECF No. 173) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall file its Answer to Defendant's Counterclaim **by no later than December 21, 2022**.

    **SO ORDERED**.

Dated: December 7, 2022            */s/ Kathryn C. Davis*
                                              KATHRYN C. DAVIS
                                              Judge