IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | : : | No. 16-259C |
| Plaintiff, | : : | Judge Davis |
| v. | : : | |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : | |

**JOINT FILING OF DISPUTE SUBCLASS MEMBER
COLORADO HEALTH AND DEFENDANT**

On March 21, 2023, the Court held a consolidated status conference at the request of Dispute Subclass Member Colorado Health Insurance Cooperative, Inc. ("Colorado Health"). At the conclusion of the conference, the Court requested that the parties submit this joint status report.

**STIPULATION FACTS AND NATURE OF THE CLAIMS**

1. The Patient Protection and Affordable Care Act, Pub. L. No. 111-148 (2010), 124 Stat. 119, and the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152 (2010), 124 Stat. 1029 (collectively, "ACA"), created several interrelated programs under which the parties' respective claims and defenses arise. Specifically, section 1341 (42 U.S.C. § 18061) created the reinsurance program; section 1342 (42 U.S.C. § 18062) created the risk corridors program; and section 1343 (42 U.S.C. § 18063) created the risk adjustment program. Section 1402 (42 U.S.C. § 18071) authorizes cost-sharing reductions ("CSRs"), and section 1412 (42 U.S.C. § 18082) authorizes advance payment of CSRs. Sections 1343 (42 U.S.C. § 18063), 1311 (42 U.S.C. § 18031), and 1321 (42 U.S.C. § 18041) of the ACA authorize the United States to collect user

fees for its operation of the federally-facilitated exchanges ("FFE") and the risk adjustment program.

2. On February 24, 2016, Health Republic Insurance Company ("Health Republic") filed the Complaint in this matter on behalf of itself and others similarly situated, seeking risk corridors damages under section 1342 of the ACA for benefit years 2014 and 2015. The Complaint alleged a single count for violation of section 1342. Ultimately, 153 issuers opted into the Class, including Colorado Health.

3. On April 27, 2020, the United States Supreme Court held that section 1342 of the ACA "created an obligation neither contingent on nor limited by the availability of appropriations or other funds," that the obligation was not affected by subsequently-enacted legislation, and that the "petitioners may seek to collect payment through a damages action in the Court of Federal Claims." *Maine Community Health Options v. United States*, 140 S. Ct. 1308, 1323, 1331 (2020).

4. The United States subsequently filed a Counterclaim, seeking risk adjustment damages, reinsurance damages, CSR reconciliation damages, risk adjustment user fee damages, and interest on these debts. Docket No. 101. Colorado Health filed a motion to dismiss the Counterclaim, which this Court granted in part and denied in part. Colorado Health later filed a motion for clarification of that opinion and order, which the Court again granted in part and denied in part.

5. The parties do not dispute that under the Supreme Court's decision in *Maine Community Health Options* the United States owes Colorado Health under section 1342 of the ACA for risk corridors benefit years 2014 and 2015 a total amount of $110,601,107.74. The parties further do not dispute that under various ACA programs Colorado Health owes the United States a total amount of $44,184,958.11.

6. The single point of disagreement between the parties concerns the form of judgment to be entered against Colorado Health. The parties' respective positions are set forth below.

## COLORADO HEALTH'S POSITION

7. As the Court is aware, the United States sought the right to offset the amount of its Counterclaim from any amounts the Dispute Subclass (Dkt. 80) seeks to obtain from the Judgment Fund following entry of judgment in this case. The Court subsequently ruled the United States cannot offset those amounts, and clarified that ruling in part at Colorado Health's request. *See* Dkt. 170, 179. As discussed at the March 21, 2023 status conference, Colorado Health does not seek to relitigate those issues, so respectfully does not repeat its briefing or arguments here.

8. Given the Court's rulings, Colorado Health believes it is appropriate to (a) enter separate judgments for each claim, and (b) include the following statement in the final judgment entered against the government:

9. To collect any payment from Colorado Health for the damages set forth herein, the government should submit this judgment in the proceeding, *Conway v. Colorado Health Co-Op*, Case No. 2015CV33680, District Court, City and County of Denver, Colorado. *See* Docket Nos. 170 and 179.

10. Regarding the former point, in the parties' discussions and meet and confers, Colorado Health stated that it believed separate judgments were proper in this instance, due to the Court's ruling on the government's inability to offset Colorado Health's risk corridor damages. The government originally raised no objection to that proposal, nor to the language Colorado Health proposed for the proposed Memorandum and Order, or the accompanying judgment. Following the latest status conference, however, the government proposed a single order and judgment that lists each side's damages in a single document. Colorado Health is

3

concerned this would allow the government to improperly try to offset Colorado Health's damages before the Treasury. To minimize the temptation to do so and prevent the need to return to the Court again, Colorado Health proposes the original memorandum, order, and judgment language it proposed to the government, attached hereto as **Exhibit A**.

11. Moving to the latter point of dispute (about the language of the judgment against the government), Colorado Health believes the single sentence it proposes about what the government should do to collect on its award closely tracks the Court's language in its Order on the motion for clarification and avoids any confusion about next steps. *See* Dkt. 179, at 2 ("Rather, to collect, Defendant should submit any judgment in its favor to the Colorado insolvency court, which maintains jurisdiction over the liquidation and distribution of Plaintiff's assets."). A proposed judgment against Colorado Health reflecting this language is attached hereto as **Exhibit C**. If the Court opts to enter Colorado Health's proposed judgment, then it would be attached as Exhibit 1 to **Exhibit B**, the [Proposed] Order.

12. In the meet and confers leading to this motion, the government argued that Colorado Health's proposed language seeks to limit the government's options with respect to the Counterclaim, never quite saying (but implying) that, despite the Court's order regarding the inability to offset the Counterclaim damages against Colorado Health's risk corridors judgment damages, the government may nevertheless attempt to seek exactly such relief before the Treasury. As noted above, the government's change in position about two judgments versus one further bolsters this concern. If the government attempts such a maneuver, Colorado Health will take appropriate action in this Court, as directed. *See* Dkt. 179, at 3 ("If the Secretary acts under §3728 to offset Plaintiff's judgment, Plaintiff may return to this Court to seek enforcement. The Court will then determine the lawfulness of the Treasury's offset after the parties have fully briefed the

issue.") (internal citation omitted). However, for the purposes of the judgment on the Counterclaim, Colorado Health simply seeks to add language, tracking the Court's Order, regarding what the government should do to collect on the Counterclaim. Whether the government follows that directive is its decision for another time.

## THE UNITED STATES' POSITION

13. In the portions of its opinions and orders denying Colorado Health's motion to dismiss and denying its motion for clarification, this Court held that it possessed jurisdiction to entertain the United States' counterclaim and clarified that it "made no ruling on the scope of Treasury's authority under [31 U.S.C.] § 3728 or whether it can offset amounts owed by [Colorado Health] from a judgment against the United States in this case, notwithstanding that the Court determined [the United States'] offset claim could not survive dismissal." Dec. 7, 2022 Order ("Order"), Docket No. 179, at 2. Instead, the Court explained that "[i]f the Secretary acts under § 3728 to offset [Colorado Health]'s judgment, [Colorado Health] may return to the Court to seek enforcement," and "[t]he Court will then determine the lawfulness of Treasury's offset after the parties have fully briefed the issue." Order at 3.

14. In contravention of this Court's prior rulings, Colorado Health now asks this Court to enter an order that would limit the manner by which the United States might seek to collect a judgment from Colorado Health. Colorado Health further asks the Court to enter orders which, Colorado Health argues, will limit the United States' ability to collect a judgment prior to the Court actually deciding whether any such actions are lawful. The Court has already correctly determined that the issue of the United States' rights and interests regarding judgment collection, pursuant to 31 U.S.C. § 3728 or otherwise, are not before it. The Court properly recognized that it has made "no ruling on the scope of Treasury's authority under § 3728 or whether it can offset amounts owed by [Colorado Health] from a judgment against the United States in this case." Order at 2.

5

15. There is at present no dispute, and no case or controversy, properly before this Court regarding the United States' collection of a judgment against Colorado Health, or regarding the payment of any judgment owed to Colorado Health. Through its request that the Court craft the language of an order and judgment that would define the parties' rights beyond liability and the amounts due, Colorado Health seeks relief on an issue not properly before the Court. The Tucker Act, invoked here as the basis for jurisdiction, does not authorize such action.

16. In any event, contrary to Colorado Health's suggestions regarding the parties' meet and confer discussions, the parties did not agree to the form of a proposed judgment and the parties did not agree that there is any legal significance as to whether the clerk enters a single judgment or separate judgments. Instead, the United States' counsel suggested that the parties use as a template prior orders and judgments entered by the Court in ACA litigation in the hope of minimizing future legal disputes. Colorado Health concedes that its entire strategy regarding the judgment form is to preemptively undermine the Secretary of the Treasury's authority prior the Court (or Secretary herself) ever making a determination about that authority. The United States' proposal is intended to provide for entry of judgment on the claim and the counterclaim in accord with the parties' agreed upon stipulations regarding liability and damages.

17. Accordingly, to the extent no dispute exists as to liability or damages, the United States submits a proposed final order and proposed judgment for the Court's consideration, which are attached as Exhibit D and Exhibit E respectively. These drafts are copied from the relevant portions of the order and judgment the Court entered with respect to the Meritus Subclass, Docket Nos. 155 and 156, with the exception that the language concerning offset is omitted. The United States does not agree to the proposed forms submitted by Colorado Health for the reasons stated above.

| | |
|---|---|
| DATED:  April 24, 2023 | Respectfully submitted, |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| */s/ Adam B. Wolfson*<br>Adam B. Wolfson<br>adamwolfson@quinnemanuel.com<br>865 S. Figueroa Street<br>Los Angeles, California 90017<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100 | RUTH A. HARVEY<br>Director<br>Commercial Litigation Branch<br><br>KIRK T. MANHARDT<br>Deputy Director |
| *Attorneys for Plaintiff Health Republic Insurance Company and the Class* | */s/ Terrance A. Mebane*<br>TERRANCE A. MEBANE<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>Telephone: (202) 307-0493<br>terrance.a.mebane@usdoj.gov<br><br>*Attorneys for the United States of America* |