IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | No. 16-259C |
| Plaintiff, | Judge Davis |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**STIPULATION TO ENTER JUDGMENT FOR THE DISPUTE SUBCLASS AND FOR THE UNITED STATES**

To resolve the claims and defenses of Colorado Health Insurance Cooperative, Inc. ("Colorado Health"), the sole member of the Dispute Subclass, and the claims and defenses of the United States, the parties stipulate as follows:

**STATUTORY BACKGROUND`**

1.  The Patient Protection and Affordable Care Act, Pub. L. No. 111-148 (2010), 124 Stat. 119, and the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152 (2010), 124 Stat. 1029 (collectively, the "ACA"), created several interrelated programs under which the parties' respective claims and defenses arise.

2.  The ACA created three interrelated risk mitigation programs. Specifically, section 1341 (42 U.S.C. § 18061) created the reinsurance program; section 1342 (42 U.S.C. § 18062) created the risk corridors program; and section 1343 (42 U.S.C. § 18063) created the risk adjustment program. Section 1402 (42 U.S.C. § 18071) authorizes cost-sharing reductions ("CSRs"), and section 1412 (42 U.S.C. § 18082) authorized advance payment of CSRs. Sections 1343 (42 U.S.C. § 18063), 1311 (42 U.S.C. § 18031), and 1321 (42 U.S.C. §

18041) of the ACA authorize the United States to collect user fees for its operation of the federally-facilitated exchanges ("FFE") and the risk adjustment program.

## THE PARTIES' CLAIMS

3. On February 24, 2016, Health Republic Insurance Company ("Health Republic") filed the Complaint in this matter on behalf of itself and others similarly situated, seeking risk corridors damages under section 1342 of the ACA for benefit years 2014 and 2015. The Complaint alleged a single count for violation of section 1342.

4. On January 3, 2017, the Court certified the following class ("Class"):

> All persons or entities offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2014 and 2015 benefit years, and whose allowable costs in either the 2014 or 2015 benefit years, as calculated by the Centers for Medicare and Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act). Excluded from the Class are the Defendant and its members, agencies, divisions, departments, and employees.

Docket No. 30. In the same order, the Court appointed Health Republic as the Class representative and appointed Quinn Emanuel Urquhart & Sullivan, LLP as lead counsel for the Class. Ultimately, 153 issuers opted into the Class, including Colorado Health.

5. On April 27, 2020, the United States Supreme Court held that section 1342 of the ACA "created an obligation neither contingent on nor limited by the availability of appropriations or other funds," that the obligation was not affected by subsequently-enacted legislation, and that the "petitioners may seek to collect payment through a damages action in the Court of Federal Claims." *Maine Community Health Options v. United States*, 140 S. Ct. 1308, 1323, 1331 (2020). The parties agree that the Supreme Court's decision in *Maine Community Health Options* entitles the Class members to receive payment of damages from the United States under ACA section 1342 for risk corridors benefit years 2014 and 2015.

6. The Court subsequently divided the Class into five subclasses: (1) the Non-Dispute Subclass, for whom the Court entered judgment on July 23, 2020 (Docket No. 83); (2) the Dispute Subclass, for whom Colorado Health is the sole remaining member; (3) the Freelancers Subclass, for whom the Court entered judgment on June 3, 2021 (Docket No. 124); (4) the Arches Subclass, for whom the Court entered judgment on June 28, 2021 (Docket No. 131); and (5) the Meritus Subclass, for whom the Court entered judgment on April 26, 2022 (Docket No. 156). The Court approved the Dispute Subclass with the following definition:

> All approved class members offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2014 and 2015 benefit years, whose allowable costs in either the 2014 or 2015 benefit years, as calculated by the Centers for Medicare & Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act), and that dispute the amount due to the entity under Section 1342 of the Affordable Care Act, and/or dispute the government's right to offset debts against a judgment pursuant to Section 1342, and/or dispute the extent of any such offset.

Docket No. 82.

7. The United States subsequently filed a Counterclaim, seeking risk adjustment damages, reinsurance damages, CSR reconciliation damages, risk adjustment user fee damages, and interest on these debts. Docket No. 101.

## STIPULATION AS TO DAMAGES

8. The parties stipulate that under the Supreme Court's decision in *Maine Community Health Options* the United States owes Colorado Health under section 1342 of the ACA for risk corridors benefit years 2014 and 2015 a total amount of $110,601,107.74. Accordingly, the parties hereby stipulate that judgment shall be entered against the United States and in favor of the Dispute Subclass in the amount $110,601,107.74.

9. The parties stipulate that the United States is entitled to payment from Colorado Health under the risk adjustment program in the amount of $41,103,595.50; that the United States is entitled to payment from Colorado Health for risk adjustment user fees in the amount of $76,735.62; that the United States is entitled to payment from Colorado Health under the reinsurance program in the amount of $771,298.00; that the United States is entitled to payment from Colorado Health of CSR reconciliation in the amount of $2,233,328.99; and that the total amount owed by Colorado Health to the United States is $44,184,958.11. Accordingly, the parties hereby stipulate that judgment shall be entered against Colorado Health and in favor of the United States in the amount of $44,184,958.11.

| | |
|---|---|
| DATED: March 9, 2023 | Respectfully submitted, |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| */s/ Adam B. Wolfson*<br>ADAM B. WOLFSON<br>adamwolfson@quinnemanuel.com<br>865 S. Figueroa Street<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 | RUTH A. HARVEY<br>Director<br>Commercial Litigation Branch<br><br>KIRK T. MANHARDT<br>Deputy Director |
| *Attorney for Plaintiff Health Republic Insurance Company and the Dispute Subclass* | */s/ Terrance A. Mebane*<br>TERRANCE A. MEBANE<br>United States Department of Justice<br>Civil Division, Commercial Litigation Branch<br>Telephone: (202) 307-0493<br>terrance.a.mebane@usdoj.gov<br><br>*Counsel for the United States of America* |