**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY,<br><br>  Plaintiff,<br>  on behalf of itself and all others similarly situated,<br><br>  vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>  Defendant. | No. 1:16-cv-259-KCD<br>(Judge Davis)<br><br>**ORAL ARGUMENT REQUESTED** |
| COMMON GROUND HEALTHCARE COOPERATIVE,<br><br>  Plaintiff,<br>  on behalf of itself and all others similarly situated,<br><br>  vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>  Defendant. | No. 1:17-cv-877-KCD<br>(Judge Davis)<br><br>**ORAL ARGUMENT REQUESTED** |

**OBJECTING CLASS MEMBERS' RESPONSE TO CLASS COUNSEL'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF ITS MOTION FOR APPROVAL OF ATTORNEY'S FEE REQUEST**

SMRH:4881-7238-9819.1

OBJECTING CLASS MEMBERS' RESPONSE TO CLASS COUNSEL'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF ITS MOTION FOR APPROVAL OF ATTORNEY'S FEE REQUEST

The Objectors file this response to Class Counsel's notice of a recent fee award in the case *In reAqueous Film-Forming Foams Product Liability Litigation*, No. 2:18-mn-2873, Dkt. 4885, at *14 (D.S.C. Apr. 23, 2024) ("*AFFF*").

*AFFF* does not support Class Counsel's requested fee multiplier of at least 16.25 (using 2020 rates) to 19.06 (historical rates) on top of Class Counsel's already-inflated loadstar.  Indeed, *AFFF* held that the fee award issued there was reasonable because it "yields a multiplier range between 2.7 to 3."  No. 2:18-mn-2873, Dkt. 4885, at *14 (D.S.C. Apr. 23, 2024).  *AFFF* is therefore consistent with the Federal Circuit's observation that Class Counsel presented no justification "for an award with an implicit multiplier outside" "the [normal] range of 1 to 4." *Health Republic Ins. Co. v. United States*, 58 F.4th 1365, 1375, 1378 (Fed. Cir. 2023).  It is also consistent with the conclusion in *In re Visa Check/Mastermoney Antitrust Litigation* that "Lead Counsel's request to be paid almost 10 times their hourly rate is absurd" and "fundamentally unreasonable."  297 F. Supp. 2d 503, 522 (E.D.N.Y. 2003), *aff'd sub nom. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005).  Just like *Health Republic*, *Visa*, and the numerous other cases cited in the Objectors' briefing, *AFFF* supports the conclusion that the implied lodestar multiplier should not exceed 3.5 at the highest.  Any other result would ignore Class Counsel's promise of a lodestar cross-check and would defy the class notice because it would result in a fee award that is untethered from the hours actually worked.

Dated:  May 3, 2024                                   Respectfully submitted,

*[signature]*

Moe Keshavarzi
mkeshavarzi@sheppardmullin.com
(213) 617-5544
*Counsel for the Objectors*

SMRH:4881-7238-9819.1

-1-

OBJECTING CLASS MEMBERS' RESPONSE TO CLASS COUNSEL'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF ITS MOTION FOR APPROVAL OF ATTORNEY'S FEE REQUEST