# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY,<br><br>    Plaintiff,<br>    on behalf of itself and all others similarly situated,<br>  vs.<br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 1:16-cv-259-KCD<br>(Judge Davis) |
| COMMON GROUND HEALTHCARE COOPERATIVE,<br><br>    Plaintiff,<br>    on behalf of itself and all others similarly situated,<br>  vs.<br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 1:17-cv-877-KCD<br>(Judge Davis) |

**OBJECTING CLASS MEMBERS' RESPONSE TO CLASS COUNSEL'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF ITS MOTION FOR APPROVAL OF ATTORNEY'S FEE REQUEST**

The Objectors file this response to Class Counsel's notice of a recent fee award in the case *In re Dell Technologies Inc. Class V Stockholders Litigation*, No. 349, 2023, 2024 WL 3811075 (Del. Aug. 14, 2024). (H.R. Dkt. 222.) As set forth in more detail below, *Dell* does not come close to supporting Class Counsel's request for a $185 million fee, which represents an implied hourly rate of more than $19,000 and an implied multiplier of at least 16.25 (using 2020 rates) to 19.06 (historical rates) on top of Class Counsel's already-inflated loadstar.

The Federal Circuit in *Health Republic Ins. Co. v. United States*, 58 F.4th 1365 (Fed. Cir. 2023), gave important guidance with respect to the appropriate fee award for Class Counsel here.

- It explained that the "norm of implicit multipliers" for common fund fee awards is "in the range of 1 to 4." *Id.* at 1375.
- It emphasized that it "d[id] not see . . . justification" for an award with an implicit lodestar multiplier outside of this mainstream range of relevant multipliers. *Id.* at 1378.
- It explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order" and that "the percentage will decrease as the size of the fund increases." *Id.* at 1375 (ellipses omitted). Thus, applied here, it held that the large size of the fund was a reason to reduce Class Counsel's fee request. *Id.* at 1376.
- And it rejected Class Counsel's reliance on non-federal authority, including *Americas Mining Corp. v. Theriault*, 51 A.3d 1213 (Del. 2012), explaining that the cases were "not applying federal-law standards" and "offer particularly weak support for the implicit multiplier" Class Counsel seeks here. *Id.* at 1376.

In relying on *Dell*, Class Counsel would have the Court ignore the holdings of the Federal Circuit. Indeed, the primary issue on appeal in *Dell* was whether the large size of the fund was a basis to reduce the fee award. Contrary to the Federal Circuit's direction, the Chancery Court in *Dell* "declined to adopt a declining percentage approach because it did not align with Delaware precedent," explaining that "under *Americas Mining* and [other Delaware law], a court does not make a downward adjustment to the indicative percentage based on the size of the fund." 2024 WL 3811075, at *4. In doing so, *Dell* relied heavily on *Americas Mining*—a case that the

*Federal Circuit specifically rejected. Compare Dell*, 2024 WL 3811075, at *4–11 (repeatedly citing and relying on *Americas Mining*) *with Health Republic*, 58 F.4th at 1376 (rejecting Class Counsel's reliance on *Americas Mining*). Thus, *Dell* is also "particularly weak" support for the astronomical fee multiplier that Class Counsel seeks here.

*Dell* is not only distinguishable because it applies irrelevant law. It is also factually distinguishable. In *Dell*, the court justified an "implied rate of approximately $5,000 per hour," representing a 7x multiplier to the lodestar by referring to the substantial amount of work class counsel undertook. For example, the case proceeded through discovery to the eve of trial and involved 2,887 trial exhibits. *Dell*, 2024 WL 3811075, at *3, *14. In addition, the implied rate and multiplier in *Dell* are a small fraction of the $19,000 per hour and 19x multiplier Class Counsel seeks here. If anything, *Dell* shows the exceptional circumstances and substantial work that justify a 7x multiplier. Those facts are not present here. Moreover, unlike here, where Class Counsel has admitted that its lodestar improperly includes time attributable to its fee petition and to other classes and subclasses for which Class Counsel will separately seek fees, there is no indication that class counsel's lodestar in *Dell* was similarly inflated. (H.R. Dkt. 192-1 at 4; H.R. Dkt. 213 at 16–17.) Finally, the $714 blended hourly rate that the court used to calculate the lodestar in *Dell* further undermines Class Counsel's fee request because it is far below the rate that Class Counsel seeks here and more closely aligns with the rates in the Fitzpatrick Matrix, the Real Rate Report, and fee awards actually made to Class Counsel. (H.R. Dkt. 211 at 19–21; H.R. Dkt. 211-2 at ¶¶ 97–102, 111–14.)

In sum, *Dell* does not help Class Counsel or change that the appropriate fee award here would range between $11 and $23 million.

Dated: August 21, 2024

Respectfully submitted,

_____
Moe Keshavarzi
mkeshavarzi@sheppardmullin.com
(213) 617-5544
*Counsel for the Objectors*

SMRH:4872-5341-7178.2    OBJ CLASS MEMBERS' RESP TO CLASS COUNSEL'S NOTICE OF SUPPL AUTH IN FURTHER SUPPORT OF ITS MOTION FOR APPROVAL OF ATTY'S FEE REQ

# CERTIFICATE OF SERVICE

I certify that on August 21, 2024, a copy of the attached was served via the Court's CM/ECF system on all counsel of record.

                                                *s/ Moe Keshavarzi*
                                                Moe Keshavarzi

-3-

SMRH:4872-5341-7178.2    OBJ CLASS MEMBERS' RESP TO CLASS COUNSEL'S NOTICE OF SUPPL AUTH IN FURTHER SUPPORT OF ITS MOTION FOR APPROVAL OF ATTY'S FEE REQ