# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br>　　　　on behalf of itself and all others similarly situated,<br><br>　　vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 1:16-cv-259C-KCD<br>(Judge Davis) |
| COMMON GROUND HEALTHCARE COOPERATIVE,<br><br>　　　　Plaintiff,<br>　　　　on behalf of itself and all others similarly situated,<br><br>　　vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 1:17-cv-00877-KCD<br>(Judge Davis) |

**CLASS COUNSEL'S MOTION TO SEAL CLASS COUNSEL'S COMPETITIVELY SENSITIVE INFORMATION**

Pursuant to Court of Federal Claims Rule 26(c)(1)(G), Class Counsel moves for leave to file portions of its renewed fee request for the Dispute Subclass (Colorado Health) under seal.

The yellow-highlighted portions of Exhibit B to the Declaration of Adam B. Wolfson, attached contain confidential business information regarding Quinn Emanuel Urquhart & Sullivan, LLP's hourly fee rates (or allow one to identify those hourly rates through simple math), including rates specific to individual attorneys. Public disclosure of this information would harm Class Counsel and create risk of injury because the information is generally not publicly known, and other attorneys, law firms, and potential future clients could use such information to seek a competitive business advantage over Class Counsel. *See, e.g.*, *Waverley View Invs., LLC v. United States*, 145 Fed. Cl. 39, 41–42 (2019) (compilation of firm billing information "in connection with the present claim for attorneys' fees constitutes proprietary and confidential commercial information that is deserving of protection under RCFC 26(c)(1)(G)."); *Mine O'Mine, Inc. v. Calmese*, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012), *aff'd*, 489 F. App'x 175 (9th Cir. 2012) (finding it appropriate to seal "detailed billing records which contain negotiated billing rates" because "these hourly billing rates are competitively sensitive and not publicly known"); *TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5303854, at *2 (N.D. Cal. Sept. 9, 2015) ("The Court agrees that the proposed redactions related to Defendant's counsel's fee arrangements contain sealable material.").

The proposed sealing is narrowly tailored: Plaintiffs do not seek to seal the total lodestar number or hours billed to the case. No less restrictive means exists to protect this confidential information from public disclosure – the information sought to be sealed is confidential business information, but is integral to the renewed fee request, given it is an input into the lodestar cross-check.

Dated: November 1, 2024                                   Respectfully submitted,

                                                          QUINN EMANUEL URQUHART &
                                                          SULLIVAN, LLP

                                                          */s/ Adam B. Wolfson*
                                                          Adam B. Wolfson
                                                          adamwolfson@quinnemanuel.com
                                                          865 S. Figueroa Street
                                                          Los Angeles, California 90017
                                                          Telephone: (213) 443-3000
                                                          Facsimile: (213) 443-3100

                                                          Andrew Schapiro
                                                          andrewschapiro@quinnemanuel.com
                                                          191 North Wacker Drive
                                                          Suite 2700
                                                          Chicago, Illinois 60606
                                                          Telephone: (312) 705-7400
                                                          Facsimile: (312) 705-7401

                                                          *Attorneys for Plaintiff Health Republic*
                                                          *Insurance Company, Common Ground Health*
                                                          *Cooperative, and the Class*

## **CERTIFICATE OF SERVICE**

I certify that on November 1, 2024, I served true copies of the following document described as:

**Class Counsel's Motion to Seal Class Counsel's Competitively Sensitive Information**

via electronic email, along with all accompanying declarations and exhibits, on the Dispute Subclass (Colorado Health) via the electronic mail addresses that subclass member provided to the claims administrator for contact purposes.

DATED: November 1, 2024

*/s/ Margaret Haas*
Margaret Haas