**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | |
| Plaintiff, on behalf of itself and all others similarly situated, | No. 1:16-cv-259C-KCD (Judge Davis) |
| vs. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |
| COMMON GROUND HEALTHCARE COOPERATIVE, | |
| Plaintiff, on behalf of itself and all others similarly situated, | No. 1:17-cv-00877-KCD (Judge Davis) |
| vs. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

**CLASS COUNSEL'S RENEWED MOTION FOR APPROVAL OF ATTORNEY'S FEE REQUEST FOR THE DISPUTE SUBCLASS (COLORADO HEALTH)**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 1

III. ARGUMENT ................................................................................................................. 3

    A.    The Facts Unique To The Colorado Health Dispute Subclass Strongly Support A Five-Percent Fee Award ............................................................. 3

    B.    A Lodestar Cross-Check Confirms That The Unobjected-To Five Percent Award Class Counsel Seeks Is Not A Windfall ........................................... 5

        1.    It is appropriate to use Class Counsel's most recent hourly rates ................ 5

        2.    To be conservative, Class Counsel utilizes the total hours from the Court's Non-Dispute Subclass fee decision .................................................. 6

        3.    The law is unclear on whether the Court may conduct a subclass-specific lodestar cross-check, but indicates that is, in fact, permissible .......................................................................................... 6

        4.    Utilizing these inputs and applying the relevant law, Class Counsel seeks a fee well within the realm of reason .................................................. 7

IV. CONCLUSION ............................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Conley v. Sears, Roebuck & Co.*,
    222 B.R. 181 (1998) ..................................................................................................... 9

*In re Doral Financial Corp. Secs. Litig.*,
    No. MDL 1706, ECF No. 107 (S.D.N.Y. July 17, 2007) ............................................. 9

*Farrell v. Bank of America Corp., N.A.*,
    2020 WL 5230456 (9th Cir. Sept. 2, 2020) .................................................................. 9

*Health Republic Ins. Co. v. United States*,
    58 F.4th 1365 (Fed. Cir. 2023) ................................................................................ 5, 9

*In re Mercedes-Benz Emissions Litig.*,
    2021 WL 7833193 (D.N.J. Aug. 2, 2021) .................................................................... 9

*New England Carpenters Health Benefits Fund v. First Databank, Inc.*,
    2009 WL 2408560 (D. Mass. Aug. 3, 2009) ................................................................ 9

*Savani v. URS Pro. Sols. LLC*,
    121 F. Supp. 3d 564 (D.S.C. 2015) .............................................................................. 7

*Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*,
    2005 WL 1213926 (E.D. Pa. May 19, 2005) ............................................................... 9

**I.      INTRODUCTION**

Pursuant to the Court's invitation (Dkt. 225), Class Counsel respectfully submits this supplement to its fee petition for the Colorado Health Dispute Subclass. As discussed below, a 5% fee award is reasonable and warranted by the facts specific to Colorado Health, for several reasons. First, and perhaps most important, Colorado Health does not object to a 5% award. Class Counsel provided Colorado Health with the Court's recent decision providing a 2.5% fee award for the broader Non-Dispute Class, and Colorado Health informed Class Counsel that did not change its views on the appropriateness of a 5% award. Second, Class Counsel provided unique benefits to Colorado Health that led to tens of millions of dollars more in recovery for that subclass member due to Class Counsel's efforts to defeat the government's counterclaims and defenses. Third, a lodestar cross-check conducted alongside the *Moore* factors (and in light of both the Federal Circuit's *Health Republic* decision and this Court's decision on Class Counsel's renewed fee petition for the Non-Dispute Class) confirms that this unobjected-to fee request is not a windfall to Class Counsel.

**II.     BACKGROUND**

In July 2020, at Class Counsel's urging and with support from both the government and relevant class members, the Court divided the certified Risk Corridors Class between the Non-Dispute Subclass and the Dispute Subclass. Dkt. 82. The purpose of this subdivision was to speed the resolution of the vast majority of the class's claims, while also providing a vehicle to address certain class member-specific issues—most notably, the government's defenses and counterclaims as to the members of the Dispute Subclass. *Id.* One of the Dispute Subclass members was Colorado Health, and the government asserted counterclaims equaling several tens of millions of dollars, the effect of which (if successful) would have been to reduce Colorado Health's $100 million risk corridors payment by those amounts.

Faced with these counterclaims, Class Counsel filed a motion to dismiss on Colorado Health's behalf, arguing that the Court of Federal Claims did not have subject matter jurisdiction to adjudicate the government's claim due to reverse preemption; that Colorado law prohibited the government's counterclaim against Colorado Health; and that the government's claim for interest must be dismissed. Dkt. 103. The government opposed, and Class Counsel replied. *See* Dkt. 112 & Dkt. 116. Following oral argument and Class Counsel's filing of an additional supplemental reply brief (Dkt. 161), the Court agreed with Class Counsel's arguments and dismissed the counterclaims as to offset and interest, thereby saving Colorado Health tens of millions of dollars. Dkt. 170. Thereafter, Class Counsel negotiated the final judgment papers for Colorado Health with the government, stipulating to Colorado Health's full damages on May 9, 2023. Dkt. 198.[1] *See also* Dkt. 199 (Order directing clerk to enter final judgment consistent with stipulation).

On June 1, 2023, Class Counsel and Colorado Health filed a stipulated attorney's fee motion. Dkt. 206. Class Counsel sought five percent of the Colorado Health Dispute Subclass's stipulated judgment, equaling $5,530,055.38. *Id.* Because the parties had stipulated to the fee award and did not want to burden the Court with extraneous briefing, they referred the Court to the fee application and renewed fee application papers submitted by Class Counsel in connection with its fee request from the Non-Dispute Subclass. *Id.* In that stipulation, Colorado Health noted

---

[1] Because of statements made by the government, notwithstanding the order dismissing counterclaims for offset, Class Counsel was forced to file a motion for clarification confirming that the government did not intend to request the Treasury take an "administrative offset" before paying the judgment. Dkt. 173. *See also* Dkt. 175 (Response to Motion for Clarification) & Dkt. 176 (Reply in Support of Motion for Clarification). The Court granted in part and denied in part the Motion for Clarification, noting that DOJ or another appropriate agency must continue to pursue collection of Colorado Health's debts through the claim process in the Colorado insolvency proceeding. Dkt. 179.

2

it "agree[d] with the arguments Class Counsel makes in those submissions and that the 5% fee it seeks from the Dispute Subclass is reasonable and justified under the circumstances here." *Id.*

On October 10, 2024, the Court granted Class Counsel's fee motion with respect to the Non-Dispute Subclass subject to a reduction of the requested fee to 2.5 percent. Dkt. 224. The Court also ordered Class Counsel to file an amended motion for approval of attorney's fees as to the Colorado Health Dispute Subclass. Dkt. 225. The Court noted that it was "inclined to award the same 2.5-percent fee award for the Colorado Health Subclass," but would "give [Class Counsel] an opportunity to provide any additional justification for a higher award in light of the Court's recent opinion." *Id.*

After the Court entered both Orders, Class Counsel forwarded them to Colorado Health and asked whether they changed Colorado Health's position on the appropriateness of a 5% fee award for the resolution of Colorado Health's claims. Declaration of Adam B. Wolfson dated November 1, 2024 ("Wolfson Decl.") ¶ 3. Colorado Health indicated that the rulings did not change its views and that it still does not object to a 5% fee. *Id.*

### III.    ARGUMENT

#### A.    The Facts Unique To The Colorado Health Dispute Subclass Strongly Support A Five-Percent Fee Award

Class Counsel has briefed the *Moore* factors several times now (and the Court has provided a detailed analysis of those factors twice), so Class Counsel will avoid burdening the Court again with a fulsome discussion of how the facts of this case apply to each factor. In general, Class Counsel respectfully refers the Court to its previous briefs on these issues, given the arguments it made in connection with original and renewed fee petitions for the Non-Dispute Subclass apply with equal force here.

However, certain facts unique to the Colorado Health Dispute Subclass provide additional bases under the *Moore* factors for a 5% fee award. These include the seventh factor (the benefits Class Counsel generated for Colorado Health—which the Supreme Court noted in *Hensley* is the most important factor) and the fifth factor (number of objections). Each strongly demonstrates why 5% is reasonable here.

### 1. Seventh *Moore* Factor: Class Counsel Ensured Colorado Health Obtained Tens of Millions of Dollars More Than The Government Would Have Preferred

In previous briefing, Class Counsel discussed how the Supreme Court has explained that the results obtained for class members is the most important factor in determining the reasonableness of a contingent fee. *See* Dkt. 192 at 12-15. The better the result for class members, the greater the case for a higher fee. *Id.*

In the case of Colorado Health, the additional work Class Counsel performed on its behalf meant the difference between 100% of a $110 million claim and some amount tens of millions of dollars lower. In particular, Class Counsel moved to dismiss the government's counterclaim and offset arguments against the Dispute Subclass's risk corridor damages, which included arguments specific to Colorado Health. *See generally* Dkt. 103, 116, 125, 161, 166. The Court ultimately held that the government could not offset Colorado Health's risk corridor damages. Dkt. 170, 179. Class Counsel then worked with government counsel on Colorado Health's behalf to file the appropriate papers resolving Colorado Health's claims. Dkt. 190. On May 15, 2023, the Court issued judgment for Colorado Health in the amount of $110,601,107.74. Dkt. 200.

This is work Class Counsel took on willingly and zealously, and it materially increased the amount Colorado Health obtained from this case. The seventh *Moore* factor thus weighs even more heavily in Class Counsel's favor with respect to the Colorado Health Dispute Subclass than it does for the Non-Dispute Subclass.

4

### 2. Fifth *Moore* Factor: Colorado Health Does Not Object To A Five-Percent Award

In its *Health Republic* decision, the Federal Circuit distinguished some of the precedent cited by Class Counsel in support of its original fee award on the basis that there had been no objections to the requested award in those cases. *See Health Republic Ins. Co. v. United States*, 58 F.4th 1365, 1376 (Fed. Cir. 2023). This Court then took direction from that discussion and noted in connection with the renewed fee petition for the Non-Dispute Subclass that the number of objectors there influenced the Court's views regarding the appropriate fee award. Dkt. 224 at 20.

Here, there is no objection. Not only did Colorado Health originally stipulate to a 5% fee award, *see generally* Dkt. 206, it then ***still*** did not (and does not) object to a 5% award, even after reviewing the Court's decision on the Non-Dispute Subclass renewed fee petition and the Court's Order indicating its initial leanings with respect to the fee for the Colorado Health Dispute Subclass. This is of course gratifying to Class Counsel, given the amount of class-wide and Colorado Health-specific work it has performed. But, more importantly for this motion, it is the type of evidence the Federal Circuit itself has noted strongly supports the fee request, even with a high implied lodestar multiplier. *See Health Republic*, 58 F.4th at 1376.

### B. A Lodestar Cross-Check Confirms That The Unobjected-To Five Percent Award Class Counsel Seeks Is Not A Windfall

#### 1. It is appropriate to use Class Counsel's most recent hourly rates

As the Court recognized in its decision on the renewed fee petition for the Non-Dispute Subclass, it is appropriate to recognize the time value of money when identifying the reasonable hourly rate portion of a lodestar cross-check. Dkt. 224 at 13-14. In that decision, the Court used Class Counsel's 2020 rates because they were the rates in effect at the time of the original motion. *Id.* Here, however, the Court did not enter judgment as to the Colorado Health Subclass until 2023, and Class Counsel performed a substantial amount of work for Colorado Health in 2023

5

specifically. Class Counsel therefore believes that any lodestar cross-check should at least utilize its 2023 rates, which Class Counsel previously laid out for the Court in its renewed fee petition and reattaches here for the Court's benefit. Wolfson Decl., Ex. A; *see also* Dkt. 192-2.

Arguably, however, the time value of money related to the Colorado Health claims justifies an update to Class Counsel's rates, because it never received any portion of the Colorado Health Dispute Subclass judgment; the requested 5% remains in the class administrator's account. Wolfson Decl. ¶ 8. Accordingly, because it is near the end of 2024, Class Counsel also identifies its lodestar through July 2020 using its 2024 hourly rates, which Class Counsel once again confirms are its actual rates charged to paying clients. *See id.* ¶ 7.

### 2. **To be conservative, Class Counsel utilizes the total hours from the Court's Non-Dispute Subclass fee decision**

For purposes of determining the number of hours reasonably billed by Class Counsel during the litigation, Class Counsel suggests using the total hours the Court found to be reasonable in connection with the Court's Non-Dispute Subclass fee decision—8,186.01 hours. *See* Dkt. 224 at 12. This calculation is conservative as applied to Colorado Health. Colorado Health received all of the benefit of the work Class Counsel performed on behalf of the Non-Dispute Subclass, but Class Counsel also performed significant additional unique work for Colorado Health that is not reflected in the 8,186 hours, including motion to dismiss briefing, supplemental briefing, oral argument, drafting an answer, and negotiating a stipulated judgment. *See, e.g.*, Dkt. Nos. 103, 116, 125, 161, 166, 186, 190; *see also supra*. Therefore, 8,186.01 hours is a reasonable (and, in fact, an extremely conservative) number of hours to use in a lodestar cross check for Colorado Health.

### 3. **The law is unclear on whether the Court may conduct a subclass-specific lodestar cross-check, but indicates that is, in fact, permissible**

Where class counsel represents a number of subclasses, it is axiomatic that some time will be spent addressing issues specific to each subclass. To this point, in its decision on Class

6

Counsel's renewed fee petition for the Non-Dispute Subclass, the Court reduced Class Counsel's lodestar by 10% to reflect that the lodestar total included some Cost Sharing Reduction Class-specific work. Class Counsel respectfully disagrees with the Court's decision in that regard, but recognizes the logic of the reduction, which is that the Court must conduct a separate fee analysis for each subclass.

Class Counsel has reviewed the case law on lodestar cross-checks in the context of subclass fee awards and notes that it is sparse. The only decision Class Counsel has identified specifically on point, however, indicates that the Court is within its discretion to perform a subclass-specific lodestar cross-check. *See*, *e.g.*, *Savani v. URS Pro. Sols. LLC*, 121 F. Supp. 3d 564, 576 (D.S.C. 2015) (conducting lodestar cross-check for subclass settlement based on entire time spent on the case by class counsel). In other words, Class Counsel believes *Savani* stands for the proposition that the Court may calculate a lodestar incorporating common and subclass-specific time, and then calculate the implied lodestar for *just* the subclass based on those numbers.

Either way, however, the lodestar multiplier implied by Class Counsel's work on behalf of the Colorado Health Dispute Subclass is justified, as discussed below.

### 4.   Utilizing these inputs and applying the relevant law, Class Counsel seeks a fee well within the realm of reason

In the Wolfson Declaration, Ex. B, Class Counsel provides a detailed breakdown of the attorneys and legal staff members who provided services for this case, and identifies their respective hourly rates and hours billed on an annual basis. Class Counsel then applies a 15% reduction to the total hours, as the Court ordered for the Non-Dispute Subclass.[2] *See* Dkt. 224 at

---

[2] As discussed above, *see supra*, using the same hours for Colorado Health as for the Non-Dispute Subclass is extremely conservative, since those hours cutoff in July 2020 and a significant amount of Colorado Health-specific work was performed by Class Counsel in the second half of 2020 through mid-2023. *See, e.g.*, Dkt Nos. 103, 116, 125, 161, 166, 186, 190.

12. That exhibit then totals their respective lodestar for each year and adds up all lodestar for Class Counsel's work through July 30, 2020. Wolfson Decl., Ex. B.

Using the 5% fee that Class Counsel is requesting from Colorado Health (which totals $5,530,055.38), the implied multiplier using 2024 rates is 0.34. Ex. B. The implied multiplier using 2023 rates is 0.42 and the implied multiplier when using 2020 rates is 0.58. Ex. B. In other words, the fee being paid by Colorado Health is *less* than the actual amount of legal fees and costs incurred by Class Counsel to obtain the beneficial result for Colorado Health.

If the Court were to combine the 2.5% fee awarded to Class Counsel in the Non-Dispute Subclass ($92,424,335.85) with the 5% fee that Class Counsel is seeking from Colorado Health ($5,530,055.38), the implied multipliers are still well within the reasonable range for similar cases. When the requested Colorado Health fee is combined with the 2.5% fee from the Non-Dispute Subclass, the implied multiplier when using 2024 rates is 6.06. Ex. B. The implied multiplier when using 2023 rates is 7.35, and the implied multiplier when using 2020 rates is 10.29. Ex. B. As discussed above, Class Counsel believes 2023 or 2024 rates are the most appropriate to use for purposes of calculating the lodestar for Colorado Health. *See supra*. If 2023 or 2024 rates are used, the implied multiplier for Colorado Health is *less* than the 9.56 multiplier the Court found was justified with respect to the Non-Dispute Subclass. Dkt. 224 at 26. Even if 2020 rates are used, the implied multiplier for Colorado Health is just slightly higher than the implied multiplier the Court found was justified for the Non-Dispute Subclass (10.29 versus 9.56). But as discussed above, the amount of additional work performed for Colorado Health and the result obtained justify this implied multiplier. *See supra*.

Whether or not the Colorado Health fee is combined with the Non-Dispute Subclass fee, and regardless of which year's rates are used, Class Counsel's implied lodestar multiplier is well-

supported in case law. This is particularly true where, as here, Colorado Health does not object to the requested fee. *See Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, 2005 WL 1213926, at *18 (E.D. Pa. May 19, 2005) (approving fee with 15.6 lodestar multiplier where there were no objectors); *see also In re Mercedes-Benz Emissions Litig.*, 2021 WL 7833193, at *16 (D.N.J. Aug. 2, 2021) ("Courts in this Circuit and elsewhere have approved large multipliers, when appropriate, in a range exceeding 10."); *Farrell v. Bank of America Corp., N.A.*, 2020 WL 5230456 (9th Cir. Sept. 2, 2020) (10.15 multiplier, as demonstrated by the dissent's discussion of the lodestar relative to the fee award); *In re Doral Financial Corp. Secs. Litig.*, No. MDL 1706, ECF No. 107 (S.D.N.Y. July 17, 2007) ("A 15.25% fee represents a reasonable multiplier of 10.26."); *Conley v. Sears, Roebuck & Co.*, 222 B.R. 181, 182 (1998) (8.9 multiplier); *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 2009 WL 2408560, at *2 (D. Mass. Aug. 3, 2009) (8.3 multiplier). A 5% fee, with an implied multiplier of between 0.34 and 10.29 (depending on which assumptions are used), is reasonable in this case and well-supported by case law. *See supra*; *see also Health Republic*, 58 F.4th at 1376 (noting *Stop & Shop* supported a 15.6 multiplier because "none of the class members objected to the award" and "plaintiffs offered 'extraordinary support ... for counsel's request for fees'").

## IV.    CONCLUSION

For the above reasons, Class Counsel respectfully believes the Court should award a 5% attorney's fee for the Colorado Health Dispute Subclass, equaling $5,530,055.38.

Dated: November 1, 2024                                    Respectfully submitted,

9

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Adam B. Wolfson*
Adam B. Wolfson
adamwolfson@quinnemanuel.com
865 S. Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew Schapiro
andrewschapiro@quinnemanuel.com
191 North Wacker Drive
Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for Plaintiff Health Republic Insurance Company, Common Ground Health Cooperative, and the Class*

## CERTIFICATE OF SERVICE

I certify that on November 1, 2024, I served true copies of the following document described as:

**Class Counsel's Renewed Motion for Approval of Attorney's Fee Request for the Dispute Subclass (Colorado Health)**

via electronic email, along with all accompanying declarations and exhibits, on the Dispute Subclass (Colorado Health) via the electronic mail addresses that subclass member provided to the claims administrator for contact purposes.

DATED: November 1, 2024

*/s/ Margaret Haas*
Margaret Haas