## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY,<br><br>    Plaintiff,<br>    on behalf of itself and all others similarly situated,<br><br>  vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 1:16-cv-259C-KCD<br>(Judge Davis) |
| COMMON GROUND HEALTHCARE COOPERATIVE,<br><br>    Plaintiff,<br>    on behalf of itself and all others similarly situated,<br><br>  vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 1:17-cv-00877-KCD<br>(Judge Davis) |

## **DECLARATION OF ADAM B. WOLFSON**

I, Adam B. Wolfson, declare:

1. I am a Partner in the San Francisco and Los Angeles offices of Quinn Emanuel Urquhart & Sullivan LLP, appointed as Class Counsel in this matter. I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.

2. On October 10, 2024, the Court granted Class Counsel's renewed fee petition with respect to the Non-Dispute Subclass, awarding a 2.5% fee. The Court also issued an order permitting Class Counsel to file an amended motion for approval of attorney's fees as to the

Colorado Health Dispute Subclass.

3. After the Court entered both Orders, I forwarded them to Colorado Health and asked for its view on the Class Counsel's fee for the Colorado Health Dispute Subclass claims, noting that we believed a 5% fee award was reasonable, but that we understood if Colorado Health might have updated views based on the Court's Non-Dispute Subclass fee decision. In response, Colorado Health indicated that it did not previously and still does not object to a 5% fee.

4. Attached hereto as **Exhibit A** is Exhibit A to Class Counsel's renewed fee petition as to the Non-Dispute Subclass.

5. Attached hereto as **Exhibit B** is a series of spreadsheets summarizing Class Counsel's lodestar on a per attorney and total basis through July 2020, the date of the original fee petition. As indicated by its title, the first spreadsheet reflects lodestar through July 2020 at Class Counsel's historical rates; *i.e.*, the hourly rates of its attorneys that were in place at the time they billed to the class actions. The second spreadsheet reflects Class Counsel's lodestar if it used its then-current rates in July 2020, the third spreadsheet reflects Class Counsel's lodestar utilizing its current rates as of 2023, and the fourth spreadsheet reflects Class Counsel's lodestar utilizing its current rates as of today. The fifth and sixth spreadsheets calculate total discounted lodestars and implied multipliers based on those inputs, applying a 15% reduction to the total hours, as the Court ordered for the Non-Dispute Subclass.

6. I assembled the spreadsheets included in both exhibits with the assistance of our accounting department. The historical rates set forth in the first spreadsheets are the rates my firm utilized for internal purposes throughout the life of the case. To update those rates to "current," I first asked our accounting department to provide the hourly rates at which each attorney on the team billed out as of July 2020. For any associate who had left the firm by that point, we utilized

the hourly rate at which the firm billed out attorneys of equivalent seniority, which is defined by the year they graduated from law school (and which is uniform across associates). For the 2023 and 2024 rates, we applied the same methodology, with the exception that three partners (Stephen Swedlow, J.D. Horton, and Fred Bennett) were also no longer with the firm. For each, the accounting department provided the current hourly rates for the "band" of the partnership in which the firm billed each partner before their departure. This roughly corresponds to the partners' years out of law school, but also their level of specialization.

7. The hourly rates included in each of the spreadsheets attached as part of both exhibits are the actual hourly rates I and my colleagues quote to and charge paying clients. For the historical rates, those were hourly rates quoted to clients in the years in which the respective attorneys and other team members billed their time. Current rates are the hourly rates we quote to clients as of the date of this declaration.

8. Class Counsel has never received any portion of the Colorado Health Dispute Subclass judgment. The requested 5% remains in the class administrator's account.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 1, 2024, at Los Angeles, California.

                                                                                          _____
                                                                                                    Adam B. Wolfson

3