**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 16-259 |
| v. | ) ) | Filed: November 19, 2024 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |
| COMMON GROUND HEALTHCARE COOPERATIVE, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 17-877 |
| v. | ) ) | Filed: November 19, 2024 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

On November 19, 2024, the Court held a status conference to discuss Class Counsel's Motion to Correct Judgments. *See* Min. Entry (November 19, 2024). The Court intends to grant the motion by separate order. At the conference, the parties clarified their positions regarding the procedures by which the Court should order Class Counsel to pay the Non-Dispute Subclasses the portion of the original attorney's fee award that is now owing, *i.e.*, the difference between the amount awarded in the Court's original award decision of September 16, 2021, and the reduced fee awarded on remand in the Court's decision dated October 10, 2024. The Court entered final judgment with respect to the reduced award on October 18, 2024. The parties also discussed their positions regarding the appropriate procedure for resolving Objectors' request for prejudgment

interest.

As further explained on the record, considering that the automatic stay of the Court's final judgments has now expired and that the parties do not dispute that Class Counsel owes the difference in fee awards to the Non-Dispute Subclasses, and finding that on balance the Non-Dispute Subclasses' interest in prompt distribution of the funds outweighs Class Counsel's concern about the administrative inconvenience of making more than a single lump sum payment, the Court agrees with Objectors that Class Counsel should transfer the funds to the Claims Administrator with instructions for pro rata distribution.  With respect to Objectors' request for prejudgment interest, the Court directs the parties to meet and confer in good faith to reach an agreement that would obviate the need for litigation of that issue.  To the extent further litigation is necessary, the Court will resolve the issue through Objectors' Motion to Amend the Judgment to Include Prejudgment Interest, filed on November 15, 2024.

Accordingly, the Court **ORDERS** the parties to submit a Joint Status Report by **November 21, 2024**, including a Proposed Order regarding the procedures for the transfer of funds.  The Proposed Order shall outline the procedure by which the funds will be transferred to the Claims Administrator and thereafter distributed to the Non-Dispute Subclass members, and set deadlines as appropriate including a date not later than December 2, 2024, for Class Counsel's transfer of funds.  The Proposed Order shall also include a briefing schedule for Objectors' Motion.  As explained at the conference, the Court is amenable to extending Class Counsel's response deadline to December 6, 2024, to accommodate the meet and confer process.

**SO ORDERED**.

Dated: November 19, 2024                                */s/ Kathryn C. Davis*
                                                                         KATHRYN C. DAVIS
                                                                         Judge