IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) No. 16-259 |
| v. | ) ) Filed: September 23, 2025 |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

# ORDER

On November 1, 2024, Class Counsel filed their Renewed Motion for Approval of Attorney's Fee Request for the Dispute Subclass, which consists only of Colorado Health Insurance Cooperative, Inc. ("Colorado HealthOp"). As in its original motion, Class Counsel requests that the Court approve an award of five percent in attorney's fees from Colorado HealthOp's judgment that is allocated to the risk corridors claims, resulting in an award of $5,530,055.38. Colorado HealthOp does not oppose Class Counsel's request. For the reasons that follow, the Court **GRANTS** Class Counsel's request for a five-percent attorney's fee award.

## I.  BACKGROUND

On May 15, 2023, the Court ordered and adjudged that Colorado HealthOp shall "recover of and from the United States the amount of $110,601,107.74 for risk corridors benefit years 2014 and 2015." *See* Rule 54(b) J., ECF No. 200. Subsequently, on June 1, 2023, Class Counsel filed a Stipulated Motion for Approval of Attorney's Fee Request for the Dispute Subclass, Colorado HealthOp, seeking a five-percent fee award. *See* ECF No. 206. Initially, in support of its request, Class Counsel referred the Court to its fee application and renewed fee application submitted in

connection with its fee request for the Non-Dispute Subclass, arguing that five percent was reasonable and justified under the circumstances. *Id.* ¶ 6 (citing ECF Nos. 84, 93, 192).

On October 10, 2024, following a remand consistent with the decision in *Health Republic Insurance Co. v. United States*, 58 F.4th 1365, 1376 (Fed. Cir. 2023), the Court granted Class Counsel's fee request related to the Non-Dispute Subclass, subject to a reduction of the fee to 2.5 percent of the common fund at issue. *See* Op. & Order, ECF No. 224. Given that reduction in the fee award, the Court ordered Class Counsel to file by no later than November 1, 2024, an amended motion for approval of attorney's fees requested in relation to Colorado HealthOp. *See* ECF No. 225. The Court noted that because Class Counsel's fee request for Colorado HealthOp only referred the Court to the fee application and renewed fee application submitted in connection with its fee request for the Non-Dispute Subclass, and because that fee award was reduced to 2.5 percent on remand, the Court would be inclined to award the same 2.5-percent fee award for Colorado HealthOp absent additional justification by Class Counsel. *See id.* at 1–2.

On November 1, 2024, Class Counsel filed a renewed motion, again requesting a five-percent fee award. *See* ECF No. 227. In addition to providing further support for its request, Class Counsel's renewed motion explains that after the Court reduced the fee award for the Non-Dispute Subclass to 2.5 percent, Class Counsel again asked Colorado HealthOp for its view on Class Counsel's five-percent fee award request. *See* Decl. of Adam B. Wolfson at ¶ 3, ECF No. 227-1. Colorado HealthOp indicated that it still does not object to a five-percent fee, even following the remand decision. *See id.*

## II.  LEGAL STANDARD

The legal standard for awarding attorney's fees under Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC") is summarized in the Court's remand opinion. *See* ECF No. 224 at 4–7. The Court applies the same standard here.

## III. DISCUSSION

The benefits that Class Counsel generated for Colorado HealthOp justify a five-percent fee award based on the factors identified in *Moore v. United States*, 63 Fed. Cl. 781, 787 (2005), particularly considering the additional work that Class Counsel completed on behalf of Colorado HealthOp related to the Government's counterclaim and defenses. Further, a lodestar cross-check confirms that a five-percent fee award is reasonable, and there are no objections to this award.[1]

### A. The Additional Work that Class Counsel Completed on Behalf of Colorado HealthOp Justifies a Five-Percent Fee Award.

Unique to Colorado HealthOp, as compared to the other subclasses in this case, is that Class Counsel largely won a motion to dismiss on behalf of Colorado HealthOp that saved Colorado HealthOp's judgment from being reduced. *See* Op. & Order, ECF No. 170 (granting in part Colorado HealthOp's motion to dismiss because the Government's claims for offset and interest failed as a matter of law). After this success, Class Counsel negotiated a settlement with the Government, stipulating to Colorado HealthOp's full damages with no offset, and the Court entered final judgment on May 15, 2023. *See* ECF Nos. 198, 199, 200.

Class Counsel argues that the additional work Class Counsel performed on behalf of Colorado HealthOp in moving to dismiss the Government's counterclaim saved Colorado HealthOp tens of millions of dollars. *See* ECF No. 227 at 7. In its counterclaim, the Government asserted that Colorado HealthOp owed the Government over $25 million. *See* Am. Answer & Countercl. at 10, ECF No. 101 (aggregating the Government's claims against Colorado HealthOp, including over $7 million in interest). The Court held that binding circuit precedent precluded the

---

[1] The Court adopts its findings with respect to the other *Moore* factors from its original and remand decisions related to the fee award for the Non-Dispute Subclass. *See* Op. & Order at 13–22, ECF No. 138, *modified*, ECF No. 224 at 23–26. This Court will not repeat that analysis here but instead focuses on factors that primarily justify a five-percent award specific to Colorado HealthOp.

3

Government's offset claim and that Colorado insolvency law reverse preempted the Government's interest claim.  *See* ECF No. 170 at 22–24, 28–32.  Thus, the Court agrees with Class Counsel that by successfully preventing the Government from recovering these amounts from the judgment it owed to Colorado HealthOp, its extra work on the Motion to Dismiss significantly benefited Colorado HealthOp.  As Class Counsel points out, the seventh *Moore* factor—the size of the award—thus weighs in its favor.  *See Moore*, 63 Fed. Cl. at 787 (citing Manual for Complex Litigation § 14.121 (4th ed. 2004)).  The benefits that Class Counsel generated for Colorado HealthOp by avoiding what could have been a significant reduction of Colorado HealthOp's 100-percent recovery on its claim provided even greater benefits than those Class Counsel generated for the other subclasses.

### B. A Lodestar Cross-Check Confirms that a Five-Percent Fee Award Is Reasonable.

A lodestar cross-check—which is sometimes used in common fund cases as a cross-check of the percentage-of-the-fund calculation arrived at through the *Moore* analysis, *see, e.g.*, *Elec. Welfare Tr. Fund v. United States*, 171 Fed. Cl. 362, 387 (2024)—confirms that a five-percent fee award is reasonable.

Looking first to whether Class Counsel's billed hours and rates are reasonable, *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Court finds that Class Counsel passes muster at this initial step.  The Court already found that Class Counsel sufficiently documented its hours, which it initially asserted were 9,630.6 total hours on the risk corridors litigation.  *See* ECF No. 224 at 8–11.  However, the Court found that Class Counsel improperly included certain hours in its previous fee-award request, including for work done on fee-approval motions (which is improper

as a matter of law) and work done on the cost-sharing reduction claims. *See id.* at 12. Thus, the Court reduced Class Counsel's hours by 15 percent, bringing its total to 8,186 hours. *See id.*

Class Counsel urges the Court to utilize the same total—8,186 hours—when calculating the lodestar for Colorado HealthOp. *See* ECF No. 227 at 9. Class Counsel asserts that "Colorado Health received all of the benefit of the work Class Counsel performed on behalf of the Non-Dispute Subclass," so it is reasonable for that total hour figure to be applied to the Colorado HealthOp work as well.[2] *See id.* In addition, Class Counsel performed unique work for Colorado HealthOp over and above its work for the Non-Dispute Subclass, including "motion to dismiss briefing, supplemental briefing, oral argument, drafting an answer, and negotiating a stipulated judgment," which, in Class Counsel's view, makes the 8,186-hour estimate conservative. The Court is inclined to agree and thus finds Class Counsel's billed hours to be reasonable.

Next, the Court considers Class Counsel's hourly rates. Class Counsel submitted four billing rates in support of its present fee-approval motion: the historical rates in effect at the time of service, the 2020 rates in effect at the time of the original fee-approval motion, the 2023 rates from the time of the renewed motion for the Non-Dispute Subclass, and the 2024 rates from the time of the present renewed motion for attorney's fees related to Colorado HealthOp. *See* Ex. B to Decl. of Adam B. Wolfson at 10, ECF No. 227-3 (sealed). Class Counsel requests that the Court use either its 2023 or 2024 rates in conducting a lodestar cross-check. *See* ECF No. 227 at 8–9.

---

[2] As Class Counsel notes, the caselaw is thin regarding lodestar cross-checks on subclass fee awards, but at least one court has found that it is appropriate to calculate a subclass lodestar based on the number of hours spent on the entire case. *See Savani v. URS Pro. Sols. LLC*, 121 F. Supp. 3d 564, 576 (D.S.C. 2015) (conducting lodestar cross-check for subclass fee award settlement using the total hours spent on the case by class counsel). The Court agrees with this logic, noting that disentangling subclass-specific hours from hours common to all subclasses would be administratively complex, if not outright infeasible, given the commonality of claims across subclasses in this case.

As the Court explained in its remand opinion, counsel may use billing rates in effect as of the date of an attorney's fee motion to account for delay in payment. *See* ECF No. 224 at 13 (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994)). With respect to the Non-Dispute Subclass, the Court found that method was not appropriate because there had been no delay in disbursing the fee award funds to Class Counsel. *See id.* at 14. Here, in contrast, Class Counsel has never received any portion of Colorado HealthOp's judgment. *See* ECF No. 227-1 at 3 (Wolfson Decl. ¶ 8). Thus, the Court finds it appropriate to apply Class Counsel's 2023 rates because the Court entered judgment for and Class Counsel originally asserted its fee request as to Colorado HealthOp in 2023.[3]

Class Counsel's 2023 rates are reasonable. As the Court noted in its remand opinion, courts can look to the experience, reputation, and skill of the attorneys to determine the reasonableness of billing rates. *See* ECF No. 224 at 15. Just as it did in its previous attorney's fee approval motion, here Class Counsel provided spreadsheets with hourly rates billed by each attorney and legal professional who worked on the case from the beginning of the litigation. *See* ECF No. 227-2 at 1–8 (redacted); ECF No. 227-3 at 1–11 (unredacted). Class Counsel represents that the hourly rates it reports are the hourly rates it actually charges paying clients, *see* ECF No. 227-1 at 3, and the Court has no reason to believe the rates have been inflated. Because the attorneys who worked on the Colorado HealthOp litigation were the same as those who worked on the case as a whole, the Court's previous finding that the firm's rates are reasonable applies here as well. *Compare,*

---

[3] Alternatively, because the present motion was filed in 2024, accounting for the delay in payment would justify using Class Counsel's 2024 hourly rates. In either scenario, the 2023 and 2024 rates result in an implicit multiplier that is well within a reasonable range to approve Class Counsel's five-percent fee award.

*e.g.*, ECF No. 192-2 at 5–6, *with* ECF No. 227-2 at 6–7; *see* ECF No. 224 at 15–16. Accordingly, the Court finds that Class Counsel's 2023 rates are sufficiently supported and are reasonable.

Applying Class Counsel's 2023 rates to its total hours of 8,186 yields a lodestar of $13,322,515.62. *See* ECF No. 227-3 at 10. Thus, the implicit multiplier—which is the total requested fee ($5,530,055.38, or five percent of ColoradoHealth Op's judgment) divided by the lodestar—is just 0.42. *See id.* An implicit multiplier of less than 1 is well within the norm of multipliers.[4] As the Court noted in its remand decision, many cases have approved attorney's fees with lodestar multipliers falling between 1 and 4. *See* ECF No. 224 at 19 (citing *Health Republic*, 58 F.4th at 1375). In similar cases to this one, courts have approved fee awards with multipliers as high as 6.63 and 9.05. *See id.* at 20 (citing *Elec. Welfare Tr. Fund*, 171 Fed. Cl. at 371–72); *id.* at 22 (citing *Skochin v. Genworth Financial, Inc.*, No. 3:19-cv-49, 2020 WL 6536140, at *1, *9 & n.3 (E.D. Va. Nov. 5, 2020)). Thus, a lodestar multiplier of less than 1 is well within the realm of reasonableness.

### C. There Are No Objections to Class Counsel's Requested Award.

As a final note, Class Counsel makes much of the fact that Colorado HealthOp does not object to the five-percent fee award request. *See* ECF No. 227 at 4. Class Counsel is correct that in *Health Republic* the United States Court of Appeals for the Federal Circuit distinguished a case with a particularly high lodestar on the basis that it had no objectors. *See* 58 F.4th at 1376 (discussing *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, No. 03-4578, 2005 WL

---

[4] The lower the implicit multiplier, the more reasonable the fee request. Definitionally, a lodestar multiplier of less than 1 means that the total requested fee is less than the lodestar amount, because the denominator (the lodestar) is greater than the numerator (the requested fee). Given that the lodestar is a product of multiplying Class Counsel's rates by its total hours, which reflects an estimate of the actual fees charged to an hourly-paying client, a lodestar that exceeds the requested fee amount signifies that the requested fee is not a windfall for Class Counsel.

1213926, at *18 (E.D. Pa. May 19, 2005)). While a lack of objection to its fee request weighs in Class Counsel's favor, it is not dispositive. *See* ECF No. 224 at 20 n.7. Simply put, just as the fact that there are objectors does not necessarily make an award unreasonable, the fact that there are no objectors does not necessarily make an award reasonable. *See id.* (collecting cases). In any event, the adequacy of the *Moore* analysis and the low implicit multiplier resulting from the lodestar cross-check are enough to support a five-percent fee award here, regardless of the absence of any objection.

## IV. CONCLUSION

For all these reasons, the Court finds Class Counsel's request for a five-percent fee reasonable and **GRANTS** its Renewed Motion for Approval of Attorney's Fee Request (ECF No. 227). Having determined pursuant to Rule 54(b) of the Rules of the United States Court of Federal Claims that there is no just reason for delay, the Court **DIRECTS** the Clerk to enter judgment in the amount of $5,530,055.38 to be paid to Class Counsel from Colorado HealthOp's judgment.

    **SO ORDERED**.

Dated: September 23, 2025     */s/ Kathryn C. Davis*
                                                                    KATHRYN C. DAVIS
                                                                    Judge