**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |  |
|---|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 16-259 |
| v. | ) ) | Filed: August 7, 2026 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |
| COMMON GROUND HEALTHCARE COOPERATIVE, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 17-877 |
| v. | ) ) | Filed: August 7, 2026 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |

**OPINION AND ORDER**

Before the Court is the Motion for Attorneys' Fees from Class Counsel filed by objecting members of the Risk Corridors Non-Dispute Subclasses ("Objectors"). Objectors argue that they should be awarded fees based on the substantial benefit they conferred on the Risk Corridors Non-Dispute Subclasses ("Subclasses") by successfully advocating for the reduction of Class Counsel's fee request and for the payment of prejudgment interest, which resulted in the return of over $100 million to the Subclasses. Class Counsel opposes the Motion, arguing that any attorney's fee award for Objectors should be assessed against the Subclasses' recovery in the common fund, which no longer exists; or alternatively, the Court should award Objectors only part of the fees they seek. For the reasons that follow, the Court **DENIES** Objectors' Motion.

## I.  BACKGROUND

The Court provided a summary of this years-long litigation over attorney's fees in its previous opinion granting Objectors' motion for leave to file the present motion.  *See* Op. & Order at 2–4, ECF No. 271.[1]  As such, it will not recite that background again.

On March 4, 2026, Objectors filed their fee request, seeking a fee award of $1,625,500 million, or about 1.6 percent of the approximately $102 million benefit they conferred on the Subclasses.  *See* Objectors' Mot. for Att'ys' Fees from Class Counsel at 28, ECF No. 272.  On March 19, 2026, Class Counsel filed their opposition to Objectors' request, asserting that Objectors should not be entitled to any fees from Class Counsel, but to the extent that the Court agrees with Objectors it should only award between $400,000 and $500,000 to reflect the benefit Objectors actually conferred on the class.  *See* Class Counsel's Opp'n to Objectors' Mot. for Att'y's Fees from Class Counsel at 6, ECF No. 273.  Objectors replied on March 26, 2026, and thus the motion is ripe for decision.  *See* Objectors' Reply, ECF No. 274.

## II.  LEGAL STANDARDS

RCFC 23 permits the Court to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement" in a certified class action.  RCFC 23(h).  In common fund cases, such as this one, "a litigant or a lawyer . . . is entitled to reasonable attorney fees from the fund as a whole."  *Haggart v. Woodley*, 809 F.3d 1336, 1352 (Fed. Cir. 2016) (internal quotations and modifications omitted) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)).  Awarding attorney's fees out of the common fund guarantees that each member of

---

[1] The pending motion, the parties' briefing, and all the Court's previous orders pertaining to Class Counsel's and Objectors' fee requests are substantively the same in both cases.  Thus, for ease of reference, this opinion will cite only to the docket in *Health Republic* unless otherwise noted.

the class pays its fair share for class counsel's representation. *See Boeing*, 444 U.S. at 478 (explaining that common fund fee awards avoid unjustly enriching parties that substantially benefited from, but only minorly contributed to, the suit). The award of attorney's fees in a class action is a matter "committed to the sound discretion of the court." *Moore v. United States*, 63 Fed. Cl. 781, 786 (2005).

Typically, the Court applies Rule 23(h) to evaluate fee requests by class counsel. However, courts have approved fee awards that compensate counsel for class members who filed objections (for example, to a proposed class settlement) "if their actions increase[d] the fund or otherwise substantially benefit[ed] the class members." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002); *see also Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012) ("Under certain circumstances, attorneys for objectors may be entitled to attorneys' fees from the fund created by class action litigation."). The key question in such cases is whether counsel for objectors conferred a substantial benefit on the class. *In re Sw. Airlines Voucher Litig.*, 898 F.3d 740, 746–47 (7th Cir. 2018) (reversing denial of fees to objector after finding that objector had conferred a large benefit on the class).

### III.  DISCUSSION

It is undisputed that Objectors conferred a substantial benefit on the Subclasses by challenging Class Counsel's fee request and would thus be entitled to recover some amount of their attorney's fees. The primary dispute is who should pay those fees—Class Counsel from its own attorney's fee award, or the Subclasses from the common fund. Objectors only seek fees from Class Counsel, but they have not shown that the equitable circumstances of these cases justify their request.

Objectors whose "objections result in an increase to the common fund . . . may claim entitlement to fees on the same equitable principles as class counsel." *Rodriguez*, 688 F.3d at 658 (quoting *Vizcaino*, 290 F.3d at 1051–52); *see also Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (explaining that "[t]he principles of restitution . . . authorize" a fee award for objectors who render a benefit to the class). As Class Counsel correctly explains, under the common fund doctrine, an attorney's fee is awarded "from the fund as a whole," ensuring that the "persons who obtain the benefit of a lawsuit without contributing to its cost are [not] unjustly enriched at the successful litigant's expense." *Boeing*, 444 U.S. at 478; *see* ECF No. 273 at 8. Thus, where—as here—the class is benefited as a whole from an objector's objection, the equitable principles underpinning the common fund doctrine support the conclusion that the class as a whole should shoulder the cost of the objector's efforts. *See, e.g.*, *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. C 07-05634 CRB, 2015 WL 4776946, at *2 (N.D. Cal. Aug. 13, 2015) (awarding objector attorney's fees from common fund); *Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1334 (D. Nev. 2014) (same); *see also* 5 Newberg and Rubenstein on Class Actions § 15:94 (6th ed.) ("Objector's fees are typically paid out of the common fund recovery.").

However, Objectors are correct to note that "in some circumstances courts have ordered class counsel to pay objector's fees, effectively . . . allocating the fee award between class counsel and the objector lawyers." 5 Newberg and Rubenstein on Class Actions § 15:94; *see* ECF No. 272 at 25. For example, in *In re Optical Disk Drive Product Antitrust Litigation* (*Optical Disk II*)—a case involving a similarly postured fee dispute—an objector challenged class counsel's fee request and, following remand from the Ninth Circuit Court of Appeals, successfully argued for a reduced fee award. No. 10-md-2143, 2021 WL 4124159, at *2–3 (N.D. Cal. Sept. 9, 2021). The district court held that it was "more reasonable under all the circumstances [of the case] to fund the award

4

from the amount already designated as attorney fees, rather than further reducing the settlement fund." *Id.* at \*2.  Specifically, it cited "[t]he ultimate conclusion of the appellate and post-remand proceedings" that found class counsel "had claimed and been awarded too much in fees (and had improperly claimed and been allowed expenses) . . . ." *Id.*  The *Optical Disk II* court reasoned that, "[t]o require the class to bear the cost of correcting that error as a separate expense from the attorney fees it already must pay would be less equitable than simply taking [the objector's] relatively modest fees from the substantial amount previously awarded." *Id.*  The "error" in the prior fee award was occasioned by class counsel's request for an attorney's fee that was the double the rate represented in the proposed fee structure it submitted to the court to secure appointment as lead class counsel.  *See In re Optical Disk Drive Prods. Antitrust Litig.* ("*Optical Disk Drive I*"), 959 F.3d 922, 926–27, 931 (9th Cir. 2020) (reversing the district court's fee award for "failing to explain adequately the [significant] variance between counsel's fee grid and the actual awards," which according to objectors was "double what it should have been").

Similarly, in *Hendricks v. Starkist Co.*, the district court held that payment of the objectors' fees and costs by class counsel was "an appropriate and justified result" because it was "class counsel's acquiescence to the overbroad release" in the settlement agreement that necessitated objectors getting involved.  No. 13-CV-00729-HSG, 2016 WL 5462423, at \*16 (N.D. Cal. Sept. 29, 2016) (noting that "the Court strongly believes that this expense should not be paid from money that otherwise would have gone to the Class Members"), *aff'd sub nom. Hendricks v. Ference*, 754 F. App'x 510 (9th Cir. 2018).  The district court in *In re Lithium Ion Batteries Antitrust Litigation* relied on the same type of reasoning to award the objector attorney's fees out of class counsel's

fee award.[2]  No. 13MD02420, 2020 WL 7261313, at *2 (N.D. Cal. Dec. 10, 2020) ("Were it not for class counsel's initial acquiescence to the pro rata distribution, and abrupt shift of positions in the Round 3 settlements, [the objector] would not have needed to pursue the objection and appeal."), *aff'd*, No. 21-15120, 2022 WL 16959377 (9th Cir. Nov. 16, 2022).

The circumstances of the instant cases do not warrant a departure from the common fund principles by awarding Objectors attorney's fees directly from Class Counsel.  The primary argument Objectors posit in support of their request is that but for Class Counsel's bad actions, Objectors would never have needed to intervene.  *See* ECF No. 272 at 25 ("Objectors seek their fees solely from Class Counsel as a matter of equity.").  They repeatedly allege that Class Counsel "refus[ed] to abide by the promises it made in the class notice," "overreached" in seeking a 5-percent fee, and "inflat[ed] its lodestar."  *Id.* at 25–27; *see* ECF No. 274 at 5–7.  They obliquely malign Class Counsel for obtaining judgment preservation insurance on the original fee award it collected, while also conceding that the fact is irrelevant, and accuse Class Counsel of walking back its promise to pay interest on the amount of funds returned on remand.  *See* ECF No. 272 at 6, 15; ECF No. 274 at 5—7.  Objectors' tired ad hominem attacks do not reflect the reality of this long-running fee dispute.

Class Counsel's fee request (both original and renewed) did not break any promise stated in the class notice.  In the notice, Class Counsel represented that it would "request no more than 5% of any judgment or settlement obtained for the QHP Issuer Class."  Unopposed Mot. to Suppl. Class Notice, Ex. A at 2, ECF No. 50-1.  In reality, Class Counsel requested a 5-percent fee award

---

[2] Objectors also cite *McDonough v. Toys R Us, Inc.*, 80 F. Supp. 3d 626 (E.D. Pa. 2015). The district court in that case likewise "reduced class counsel's requested fee award by the amount of [the objector's] award," but it did not explain why it chose to order the payment from class counsel rather than the common fund.  *Id.* at 662.

and no more.  In the notice, Class Counsel advised the proposed classes that "the exact percentage of Class Counsel's fees will be determined by the Court subject to, among other things, the amount at issue in the case and what is called a 'lodestar cross-check.'"  *Id.*  In reality, that is exactly what happened.  Consistent with the Federal Circuit's remand instructions, the Court conducted a fulsome lodestar cross-check and arrived at a reduced fee percentage that it determined to be reasonable and in line with comparator cases.  Class Counsel never promised to limit its fee request to a percentage equating to a certain lodestar multiplier, and although the Court did not ultimately approve the full fee, Class Counsel supported its fee-approval motion (both original and renewed) with comparator cases and expert opinions justifying the multiplier associated with its 5-percent fee request.[3]

Additionally, Class Counsel violated no court rule or ethical duty when it collected the original fee award after the Court entered final judgment and where Objectors did not seek to stay the judgment pending appeal.  *See generally* Op. & Order, ECF No. 210.  Class Counsel also voluntarily agreed to pay back any difference to the Subclasses, plus interest, if the Court reduced the fee award on remand.  Decl. of Adam Wolfson ¶ 4, ECF No. 202-1; Class Counsel's Opp'n to Objectors' Mot. for Accounting & Disc. at 17–18, ECF No. 202.  In reality, that is exactly what Class Counsel did.  Objectors mischaracterize the facts when they argue that Class Counsel "tried to walk back" its promise "by claiming that the class was entitled to zero interest."  ECF No. 272 at 13.  Rather, Class Counsel advised Objectors that the common fund accounts were not interest

---

[3] While Class Counsel could have arguably lowered its fee request on remand in response to the Federal Circuit's decision, it would not have obviated Objectors' objection.  Objectors advocated for the extreme opposite of Class Counsel's request—a fee award of .3 to .6 percent—which the Court found "raised serious public policy concerns" and was "manifestly unfair to Class Counsel, in relation to the benefits conferred through the class action process."  Op. & Order at 27–28, ECF No. 224.

bearing, thus the Subclasses would not have gained interest had the funds not been disbursed. Decl. of Jenna A. Fasone at 5, ECF No. 234-1 (Email from Adam Wolfson to Jenna Fasone (Nov. 13, 2024)). Class Counsel went on to offer a 1.775 rate to settle Objectors' interest claim. *Id.* (describing the offer as halfway between the interest earned on the accounts (0 percent) and the rate the bank pays on interest-bearing accounts (3.55 percent)). Although Class Counsel argued for a much lower interest rate (approximately .08 percent) in opposition to Objectors' motion for pre-judgment interest, it never argued for zero interest, and the Court ultimately accepted Class Counsel's higher alternative rate, which ranged on average from .51 percent to 4.5 percent as the market fluctuated over the approximately three-year period between the two award decisions.[4] *See* Op. & Order at 6, 24, ECF No. 253. Simply put, Objectors' request is based on a false premise: their objections were not "incurred to enforce a promise broken by Class Counsel." ECF No. 274 at 7.

These circumstances distinguish the instant cases from the cases Objectors cite. In *Optical Disk II*, class counsel requested a fee percentage that was *twice* the fee percentage that it included in its sealed bid to obtain court approval to represent the class. 2021 WL 4124159, at *3; *Optical Disk I*, 959 F.3d at 933. Class counsel in *Hendricks* failed to ensure that the proposed class settlement included an appropriate release for the class, "including repeated avowals that post-notice changes to the release were reasonable and insistence that releasing claims different from the scope of alleged liability was not cause for concern." 2016 WL 5462423, at *16. And in

---

[4] Again, coming in on the opposite end of the scale, Objectors argued for the highest available rate—a prime interest rate that on average ranged from 3.25 percent to 8.5 percent during the same period, which the Court found inappropriate. *See* Op. & Order at 11–12, ECF No. 253 (rejecting prime rate because cases applying such rate usually focus on some harm or damage to the movant caused by the non-movant—a scenario not present in these cases).

*Lithium Ion Batteries*, class counsel similarly failed to properly protect the class's interests and abruptly changed positions during settlement negotiations.  2020 WL 7261313, at *2.

Here, there are no significant variances or failures that tip the scales of equity in favor of permitting Objectors to recover their attorney's fees from Class Counsel.  The only mistake that Objectors uncovered in Class Counsel's fee request was the inadvertent inclusion of Class Counsel's hours spent on the fee-approval motions and hours spent on the cost-sharing reduction claims that purportedly overlapped with and benefitted the risk corridors class.  *See* Op. & Order at 11–12, ECF No. 224.  Class Counsel conceded in both instances that the hours should be excluded.  *See id.*  As such, the Court applied a 15 percent reduction to Class Counsel's hours, which lowered the overall fee percentage awarded by approximately .44 percent.  While not insignificant given the size of the common fund, the nature and degree of the mistake does not warrant Objectors' fees being paid by Class Counsel, rather than by the Objectors.

Nor can Objectors' request succeed simply because their objections sought to reduce, and in fact did result in reducing, Class Counsel's fee award.  If that were the case, the norm would be for courts to order class counsel to pay an objector's attorney's fees if such objector successfully challenged class counsel's fee request. Class Counsel, however, cites several cases in which courts denied objectors' requests to recover their attorney's fees from class counsel even though their objections successfully reduced class counsel's fees and/or expenses.  *See In re Riverstone Networks, Inc.*, 256 F. App'x 168, 169, 170 (9th Cir. 2007); *In re Easysaver Rewards Litig.*, No. 09-CV-02094-BAS-WVG, 2021 WL 230013, at *4 (S.D. Cal. Jan. 22, 2021); *Transpacific Passenger Air*, 2015 WL 4776946, at *1.

The balance of equities in the instant cases weighs in favor of adhering to the common doctrine principles.  To be sure, it is undisputed that Objectors conferred a substantial benefit on

the Subclasses by objecting to Class Counsel's fee request.  Most importantly, their appeal of the Court's original fee award resulted in a remand for the Court to perform a more comprehensive lodestar cross-check.  On remand, the Court took its task seriously and gave very careful consideration to the implicit multipliers used in comparable cases, as well as the sufficiency of Class Counsel's hours and rates.  The fee award that the Court approved—2.5 percent of the common fund—is the appropriate amount of attorney's fees to compensate Class Counsel for the exceptional result it achieved for the Subclasses in these first-of-their-kind lawsuits.  The Court finds no equity in further reducing Class Counsel's reasonable fees to reimburse Objectors' attorney's fees based on the grounds Objectors assert.  *See Kang v. Wells Fargo Bank, N.A.*, No. 17-CV-06220-BLF, 2022 WL 1128721, at *8 (N.D. Cal. Apr. 15, 2022) (holding "it would be inequitable to reduce the attorneys' fees awarded to Class Counsel in order to pay the attorneys' fees awarded to [Objector]" where "the Court carefully considered all relevant factors before deciding on an appropriate award of [Class Counsel's] fees"), *aff'd sub nom. Kang v. Fyson*, No. 22-15694, 2022 WL 6943174 (9th Cir. Oct. 12, 2022); *Sobel*, 53 F. Supp. 3d at 1334 (awarding objector attorney's fees from the common fund, not class counsel, in part because of "the reasonable figure requested by class counsel").

On the flip side, Objectors' attorney's fees are modest in comparison to the substantial size of the common fund.  *See Kang*, 2022 WL 1128721, at *8 ("Because [Objector's] objection conferred a benefit to the class, and the award of attorneys' fees to [Objector] is relatively modest in comparison to the size of the settlement fund . . . , the Court finds it equitable that the award to [Objector] be paid from the settlement fund.").  There would be nothing unfair about the hundreds of subclass members sharing equally in the cost of Objectors' successful efforts on their behalf: that is the principle of the common fund doctrine.  *See Boeing*, 444 U.S. at 478.  And here,

Objectors seem to concede that their costs have already been borne by a sufficient proportion of the Subclasses, as Objectors represent 43 percent of the Subclasses measured by damages. *See* ECF No. 272 at 25 ("Objectors do not seek any compensation from the class."). Thus, the only reason Objectors provide to tip the equitable considerations in their favor is the allegation that Class Counsel has been a bad actor with respect to its request for attorney's fees. As explained above, those allegations are without merit.

Because the Court rejects Objectors' request to order Class Counsel to bear the cost of their attorney's fees, and because Objectors do not seek payment from the Subclasses, the Court need not determine whether the amount of Objectors' fee request is reasonable.

## IV.    CONCLUSION

Based on the foregoing, the Court **DENIES** Objectors' Motion for Attorneys' Fees from Class Counsel (*Health Republic* ECF No. 272; *Common Ground* ECF No. 307).

**SO ORDERED**.

Dated: August 7, 2026                                              */s/ Kathryn C. Davis*
                                                                  KATHRYN C. DAVIS
                                                                  Judge